Nov. Term,
1858.

WILCOXSON
v.
CURTIS.

Friday,
January 14,
1859.

---

WILCOXSON and Others v. CURTIS.

A syllabus of this case would be necessarily almost as long as the opinion. See Index, tit. VENDOR AND PURCHASER.

APPEAL from the *Delaware* Circuit Court.

HANNA, J.—This was a bill in chancery under the old practice, to enforce the specific performance of a contract made by the ancestor of the complainant, with the ancestor of a portion of the defendants, and the person through whom the other defendants claim title; and, also, to set aside a former decree of the same Court for fraud, &c.

The facts alleged in the voluminous pleadings, and necessary to be noticed here, are, upon the part of *Curtis,*

as follows: That, in 1832, *Thomas Wilcoxson* borrowed of his brother, *Lloyd Wilcoxson*, money (for which no note or writing was given) to enter, and did enter, eighty acres of land in *Delaware* county, *Indiana*, near where said *Lloyd* lived; that after the return home of said *Thomas*, to *Scioto* county, *Ohio*, to-wit, the same fall, he sold said land to *John Curtis*, father of the complainant, for 150 dollars, received part payment therefor, and executed a title-bond for a deed after full payment, &c.; that before performance upon either part, both *Curtis* and *Thomas* died; that the bond was lost; that upon the arrival of the complainant at full age, to-wit, in 1850, he had caused tender, &c., to be made, and commenced this suit; that in the meantime, in 1844, said *Lloyd* had fraudulently instituted proceedings in the said *Delaware* Circuit Court, to subject said land to the payment of said loaned money, &c. A copy of the record in that case is made an exhibit. It is averred that said *Lloyd* and the defendant, *Anthony*, who was his attorney in that proceeding, and afterwards the purchaser of the land under the decree therein rendered, had notice, before the institution of the said suit, of the claim of the complainant, but did not make him a defendant, nor in any other manner notify him of the said proceeding, but instituted the said suit against the heirs of said *Thomas*, and obtained his said decree by default against them. It is further averred that *Anthony*, after his purchase of the land, sold it to *Shockley*, for a valuable consideration, who has since sold a portion of it for a valuable consideration to one *Thornburgh*. There is no averment of notice to *Shockley* or *Thornburgh* of the alleged equitable claim of complainant. It is not shown in this proceeding that the decree under which *Anthony* purchased is void, or the proceeding so irregular as to make the sale to him void; nor has any such irregularity been pointed out in the transcript, &c., of that case, which is made an exhibit. The heirs of *Thomas Wilcoxson*, together with *Anthony*, *Lloyd Wilcoxson*, *Shockley*, and *Thornburgh* are made defendants. The four defendants above named answered; the others were defaulted. So far as the question

of notice is involved, the answers of the defendants are very similar. Some of them make mention of having heard "mere," and others "bare" rumors of an outstanding claim. The proof tends to show that *Lloyd* and *Anthony* had notice; but does not, even remotely, show that *Shockley* and *Thornburgh* had any notice of the equitable claim of complainant.

The Court decreed that the complainant should pay into the clerk's office the balance of the purchase-money, interest, and money paid for taxes, and that the deeds of conveyance should be set aside, &c.; that the title was in the heirs of *Thomas Wilcoxson;* and that a commissioner be appointed, &c., to convey, &c.

This judgment must be reversed. So far as the allegations, in the complaint, and the proofs, touch the point, we think that it is thereby shown that *Shockley* and *Thornburgh* were purchasers under such circumstances as entitle them to protection. Their answers do not show that they had received such notice of the outstanding equity, or claim of the complainant, as should deprive them of that protection to which innocent purchasers are entitled. *Foust* v. *Moorman*, 2 Ind. R. 1.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Anthony, J. S. Buckles*, and *W. March*, for the appellants.

*T. J. Sample*, for the appellee.