SMITH and Others *v.* CONLAN.

If an appellee join in error, and then add a paragraph alleging that the appeal was not taken within three years, &c., he waives his joinder.

And *it seems*, that if the appellant submit the case, without a reply to such answer, he admits its truth.

APPEAL from the *Laporte* Circuit Court.

*Wednesday, June 13.*

HANNA, J.—To the assignment of errors in this case, the appellee answered, first, in the form of a joinder in error; and, second, that the appeal was not taken within three years from the rendition of judgment, &c.

There was no reply to this answer.

Two points are made by the appellants upon this second answer—

1. That the appellee having joined in error, is concluded by that act from setting up the matter attempted to be pleaded in the second answer.

2. If not, then the appellee waived any benefit of said second answer, by not taking a rule against, and requiring a reply from, the appellants thereto.

We cannot concur in this view of the question of practice. The appellee waived the joinder in error by filing the second paragraph of the answer to the assignment of error. Ind. Dig., p. 649. The appellants having submitted the case without replying to or controverting the matters set up in the second paragraph of the answer, perhaps, admitted the truth thereof; but whether that was the effect or not, it appears, *prima facie*, to be the fact, from an inspection of the record and the indorsement thereon, of the time of filing, that the answer is true, that more than three years had elapsed. This Court, therefore, has no jurisdiction.

*Per Curiam.*—The appeal is dismissed with costs.

*L. Barbour* and *J. D. Howland*, for the appellants (1).

*J. A. Thornton* and *J. Bradley*, for the appellee.

(1) The following was the argument of counsel for the appellants on the points decided:

There is in this record a special assignment of errors, on behalf of the appellants, and a formal joinder in error on behalf of the appellee. Following immediately upon this joinder, the counsel for the appellee has written what purports to be a plea of the statute of limitations. This plea is merely written upon the transcript. Its filing is not indorsed. It is not noted upon the order-book of the Supreme Court. No rule was taken upon the appellants to reply. Under these circumstances the cause was submitted, and thus the record stands to abide the judgment of the Court.

We remark upon this state of the pleadings, that this Court has a system of practice which must be conformed to, and which, so far as the point in hand is concerned, is settled by the statute. In 2 R. S. p. 161, § 568, it is provided that, "No pleadings shall be required in the Supreme Court upon an appeal, but a specific assignment of all errors relied upon, to be entered upon the transcript in matters of law only, which shall be assigned on or before the first day of the term at which the cause stands for trial; and the appellee shall file his answer thereto."

Now, upon this statute the practice is perfectly plain, and, so far as we can learn, has never been doubted or misunderstood. In matters of law, no other pleading is required beyond the assignment of errors, which is to be entered upon the transcript. Following this construction, it has not been the practice to require a joinder in error; the special assignment in matters of law being the only pleading required; the mode of presenting which is particularly pointed out. But when the appellee relies upon matter of fact, he must answer; and his answer must be filed. That is, he must state his defense in writing; he must present it to the clerk that the filing may be indorsed upon the answer, and a proper entry may be made in the records of the Court; and he must take the proper steps to compel an issue upon that matter of fact. None of these things being done, we insist there is no answer properly before this Court.

But there is a further view of the subject to which we ask attention. The appellee having formally joined in error, is concluded by his own act. The denial of error in the record is a demurrer. It tenders an issue upon matters of law. It is not competent for the appellee, after joining in an issue of law, to tender an issue of fact. The pleadings thus presented are incongruous.