May Term, 1861.

SMITH
v.
ANTHONY.

---

SMITH and Another *v.* ANTHONY.

A bill of exceptions which purports to set out the evidence, must contain the words, "this was all the evidence given in the cause;" the words, "the following was all the evidence produced by either party," are not sufficient.

The other points can not be more briefly stated, than in the opinion itself.

APPEAL from the *Delaware* Circuit Court.

PERKINS, J.—Suit to recover possession of real estate. Judgment for the plaintiff. The bill of exceptions states, that "the following was all the evidence produced by either party." It is objected that this statement does not comply with rule 30, requiring bills purporting to contain the evidence to state that "this was all the evidence given in the cause." The objection is well taken. Evidence by way of admission, or that was obtained by the Court of its own motion, not technically produced by either party, may have entered into the cause. Besides, the rule is positive as to the language to be used. See the rule, Ind. Dig., p. 72. See cases on Bills of Exception, Ind. Dig., p. 186. There were two defendants, who answered separately. One of them, *John Smith*, answered by general denial, and this, under the act of 1855, included all defenses that he could make. Acts 1855, p. 57; Ind. Dig., p. 655; *Elliott* v. *Wright*, 7 Ind. 374.

*George Smith*, the other defendant, answered that one *James S. Curtis* instituted suit in the *Delaware* Circuit Court, on, &c., to obtain the title to the land in question; that a judgment, or decree, was rendered in his favor (see

*Wednesday,*
*June 5.*

May Term, 1861.

SMITH
v.
ANTHONY.

11 Ind. 514, for the decree); that before any appeal was taken, the land was sold on his title to *John Smith*, who sold and conveyed to him, *George Smith*. To this answer, the plaintiff replied, that *John Smith*, the grantor to *George*, was present in Court when the decree in favor of *Curtis* was rendered; that the defendants in that case, the plaintiffs below in this, notified said *John* of their intention to appeal said cause, which appeal, to-wit, on, &c., was prosecuted to a reversal of the cause, (see *Wilcoxson et al.* v. *Curtis*, 11 Ind. 514,) and of the taking of the transcript for which to the Supreme Court, they gave said *John* notice; and that while said appeal was pending, said *John*, without consideration, &c., conveyed the land to his son *George*, now a co-defendant.

There was no demurrer to this reply, and, upon the issues made by the answer of *John*, and the reply to the answer of *George*, the cause was submitted by the defendants, jointly, to be tried by the Court; which trial resulted in a finding and judgment for the plaintiffs, against both defendants.

The whole question in the cause turned on the title of *John Smith*, the first purchaser. This is settled by the case of *Doe* v. *Crocker*, 2 Ind. 575. The statute of 1852, on this subject, is substantially like that of 1843. 2 R. S. 1852, p. 155; Code of 1843, p. 456. If he had not a good title he could not convey such a title. The statute, § 533, of the code of 1852, *supra*, provides that a reversal of a judgment, &c., shall not avoid a sale under it, to a purchaser in good faith, or the grantee of a purchaser in good faith.

*John Smith* is concluded by the finding on the general denial, the evidence not being in the record.

*Per Curiam.*—The judgment is affirmed, with costs.

*Thos. J. Sample*, *W. Brotherton* and *C. B. Smith*, for the appellants.

*Walter March* and *J. Anthony*, for the appellee.