BRANHAM and Others *v.* BRADFORD.

A bill of exceptions purporting to set out the evidence, must contain the words, "this was all the evidence given in the cause." The words, "this was all the evidence given on said trial" are not sufficient.

When the evidence is not in the record, the instructions given by the Court below will be presumed to be correct, if in any supposable state of facts, they would rightly expound the law; and instructions refused will be presumed to have been refused because not applicable to the evidence.

APPEAL from the *Decatur* Circuit Court.

*Tuesday,*
*November 26.*

*Per Curiam.*—Suit to subject land to execution, where the title was claimed to be fraudulently in a third person. Judgment for the plaintiff below. The evidence is not in the record. No bill of exceptions states that "this was all the evidence given in the cause," but simply contains these words, "this was all the evidence given on said trial." The following are the objections urged in this Court to the proceedings below.

1. That the Court erred in their instructions, as to the time when a certain deed was delivered.

2. That the Court erred in refusing certain instructions, as to the time when a certain deed had been delivered.

3. That the Court erred in refusing to hear proof that the grantor had said to the grantee, four months before the deed was made, that he would, or intended to, make it. The legal proposition upon which the party offered this evidence was, that the deed, when executed, related back to the time of that conversation, even as against *bona fide* liens and purchasers.

The foregoing are all the errors relied upon in argument, in this Court.

As the evidence is not of record, it is impossible for us to say whether the instruction, touching the time when a legal delivery of the deed in question in this case, was effected, was right or wrong, upon the evidence. Delivery depends so much upon intention, which may be inferred from acts and circumstances, that a definition, enumerating particulars, meeting and applicable to every case, can not be laid down. It is easy to conceive a state of facts in which the instruction

Nov. Term,
1861.

would be right. We must presume in its favor. The deed in question, it seems, was executed by the grantor in one place, sent by mail to a person, other than the grantee, at another, and by him subsequently delivered to the grantee. The instructions refused, we must presume were not pertinent and applicable to the evidence. As to the evidence of the verbal promise above mentioned, to make the deed, the cases of *Hale* v. *Hills*, 8 Conn. 38; *Goodsell* v. *Stinson*, 7 Blackf. 437; and *Samson* v. *Thornton*, 5 Met. 275, seem to be decisive against it.

The judgment is affirmed, with costs.

*Richard Robbins* and *J. S. Scobey*, for the appellants.
*James Gavin* and *Oscar B. Hord*, for the appellee.