## EVANS *v.* GALLOWAY.

PRACTICE—LIMITATION.—Where a cause was tried in *October*, 1853, and an appeal taken and transcript filed in this Court, and process issued to a resident defendant, and delivered to the proper officer, in *September*, 1856, the appeal was not barred by the statute of limitations, the commencement of a suit, or appeal, dating from the issue and delivery of process to the proper officer, and it is not material whether the process was served within three years or not.

PRACTICE IN SUPREME COURT.—In this Court, the answer, "*in nullo est erratum*," is a demurrer, usually called the joinder in error, and the answer at the same time of the statute of limitations, or other matter of fact, does not operate as a waiver of the joinder in error.

OVERRULED CASES.—The case of *Smith* v. *Conlan*, 14 Ind. 513, so far as the decision therein is inconsistent with the ruling in the foregoing case, is overruled.

APPEAL from the *Noble* Common Pleas.

*Per Curiam.*—The judgment in this case was rendered in *October*, 1853. The transcript was filed in the Supreme Court in *September*, 1856, and process issued to a resident defendant.

A suit is held to be commenced in this State, when the process in it, for the defendant, is regularly delivered to the officer for service. *Hancock* v. *Ritchie*, 11 Ind. 48; *id.* 354. The appeal is not barred by the statute of limitations.

It is claimed that the case is before us upon the evidence, and that the judgment is not supported by the evidence. This is the only point.

If the transcript before us does contain all the evidence, it shows that the judgment below is right. If it does not contain all the evidence, we must presume that the judgment is right. It does not purport to contain all the evidence. It does not conform to the rule of this Court. See *Branham* v. *Bradford*, 17 Ind. 47.

A point of pleading and practice must be noticed.

Evans *v.* Galloway.

To the assignment of errors the appellee answered:

1. *In nullo est erratum.*

2. That the appeal was not taken within three years, in other words, the statute of limitations.

It is claimed that the answer of the statute of limitations waived the joinder in error, and that such waiver and plea of the statute operated to admit the errors assigned.

The answer of no error was a demurrer. The answer of the statute was of matter of fact.

In the *nisi prius* Courts the answer of fact would be a waiver of a demurrer to the pleading to which the answer of fact was addressed.

But this rule cannot be applied to proceedings in the Supreme Court.

The first pleading on tne part of the appellant in this Court is an assignment of errors in law. This assignment precedes any answer by the appellee. Yet, as the law allows the defence of the statute and some other matters of fact, as well as a demurrer in law, to be answered, they must, almost necessarily, be answered simultaneously; at all events, they certainly may be. See the statute cited in 14 Ind. on p. 514. The case of *Smith* v. *Conlan*, 14 Ind. 513, so far as it conflicts with this opinion, is overruled.

The judgment is affirmed, with costs.[1]

*Walter March*, for the appellants.

(1) Petition for rehearing overruled, *August* 26, 1863.