Ford *v.* Mitchell.

24 N. Y. R. 222; 29 Barb. R. 132; *id.* 602; 6 How. U. S. R. 344; 4 Selden 375; 5 East. R. 428; 5 Blackf. 222.

The condition on the back of the pass formed no part of the contract. It is well settled in this country that a carrier can not, by notice, limit his liability, but may do so by special contract. Redfield on Railways 268; Story on Bail. 552, § 554; 11 Cush. (Mass.) R. 97; 2 Camp. R. 415; 2 Stark. R. 279; *id.* 53; 5 Bing. 212; Ang. on Carriers, sec. 244; Greenl. on Ev. p. 215.

---

## FORD *v.* MITCHELL.

PRACTICE—BILL OF EXCEPTIONS.—In a bill of exceptions, the words, "the foregoing was all the evidence given in the case," are not sufficient, under rule 30 of this Court, to exclude the presumption of other evidence.

COMMON CARRIERS, DELIVERY TO.—The mere fact that goods were delivered to and received by the deck hands of a steamboat is not sufficient to charge the owners as common carriers, unless it be shown that such persons were authorized to receive freight, or that the same was delivered to them in pursuance of some special contract or usage; and, in a given case, otherwise fully established, it will not be sufficient to remove the necessity for such proof for the Court or jury to find that the manner of the reception of the freight by the deck hands was such that the officers, whose duty it was to receive goods for transportation, must, if they had exercised reasonable attention, care and diligence, have known that the freight was in the boat, and have received it.

APPEAL from the *Floyd* Common Pleas.

DAVISON, J.—*Mitchell* who was the plaintiff, sued *Ford*, alleging that defendant was a common carrier, by a steamboat, called *L. C. Ferry*, of which he was the owner, and which was employed and run on the *Ohio* river, from *Louisville, Ky.*

Ford *v.* Mitchell.

to *Evansville, Ind.,* touching at all intermediate shipping points; that plaintiff, on *August* 17, 1860, caused to be delivered to the defendant, as such carrier, a box, containing dry goods, jewelry, &c., to-be taken care of, and safely carried, by him, from *Owensboro,* an intermediate shipping point, &c., to *Louisville,* aforesaid, and there to be safely delivered, &c. It is averred that the defendant, although, as such carrier, he had received the box with its contents, for the purpose aforesaid, did not safely convey the same from *Owensboro* to *Louisville,* nor did he safely deliver the same, &c., but, in respect to the box and the contents thereof, behaved himself so negligently, &c., that the same were and are wholly lost to the plaintiff. The defendant answered by a denial. The issues were submitted to the Court, who found specially as follows:

1. The defendant was a common carrier, for hire, by the steamboat *L. C. Ferry,* on the *Ohio* river, from *Evansville* and intermediate landings, of which *Owensboro* was one, to *Louisville.*

2. The plaintiff, being the owner of a box of dry goods, &c., caused the same to be placed on board said steamboat, from the wharf-boat at *Owensboro,* directed to *Liber, Griffin & Co.,* as consignees thereof, at *Louisville,* on the 17th of *August,* 1860, when the steamboat aforesaid was on her regular trip, &c.

3. The box in question, with another from the same owner, for delivery at *Louisville,* was at the same time received on board the *L. C. Ferry,* by the deck hands and employees of the boat, in such manner, that with reasonable attention, care, and diligence of the clerk and proper officers of the boat to receive freight, according to their duty, they must have known of the same, and have received the goods for transportation, for hire, to the consignees at *Louisville.*

4. Neither the box, nor any of the contents thereof, were ever delivered to, or received by, said consignees, although

the other box, shipped at the same time, was duly received, &c.

5. The box and contents were of the value of 255 dollars.

To each of these special findings, the defendant excepted. The Court, also, found generally for the plaintiff, and assessed his damage at the above sum. Motion for a new trial denied, and judgment, &c.

The causes for a new trial are thus assigned:

1. The finding is contrary to law.

2. It is unsupported by the evidence.

There is a bill of exceptions, which, after setting out certain testimony, avers, that "the foregoing was all the evidence given in the case." This is not within the requirements of rule 30 of this Court. Under that rule, we have decided, in effect, that the words, "this was all the evidence given in the cause," are alone sufficient "to repel the presumption of other evidence." *Branham* v. *Bradford*, 17 Ind. 47; *Smith* v. *Anthony*, 16 Ind. 267; *Carlin* v. *Martin*, id. 259; *Rader* v. *Bar*, 7 Ind. 194. The evidence, then, not being in the record, the second alleged cause for a new trial is not available. But the appellant contends, that upon the facts specially found by the Court, the plaintiff is not entitled to recover, because the findings do not, in point of law, allow the conclusion that the box was delivered to, and received by, the defendant, as a common carrier. "In order to charge a common carrier, as such, there must be a delivery to him, his servants or agents, of the article for transportation; and, if the delivery is made to a servant, it must be one who is entrusted to receive and accept the goods, and not to a person engaged in other duties." Angel on Car. sec. 129, *et seq.*; 3 Ph. Ev. Am. ed. p. 320, note 903; *Blanchard* v. *Isaacs*, 3 Barb. 388; *Trowbridge* v. *Chapin*, 23 Conn. 595. In the case last cited, it was held that "the common hands, or crew, of a vessel, have no general authority, as agents of the owners, to

Ford v. Mitchell.

receive goods for transportation." Where, however, "the carrier agrees that property, intended for transportation, may be deposited, at a particular place, without any express notice to him, such deposit, merely, would amount to constructive notice, and a sufficient delivery. And such agreement may be shown by proof of a constant practice and usage, by the carrier, to receive property, left for transportation, at a particular place, without any special notice of such deposit." *Merriam* v. *Hartford, &c., R. R. Co.*, 20 Conn. 354; Story on Bailments, secs. 532, 533; *Packard* v. *Getman*, 6 Cowen, 757.

How, then, stands the case at bar? The Court do not find that the deck hands were authorized to receive freight, nor does it appear that the box was delivered pursuant to any special contract or usage. But it did, in effect, find that the manner of the reception of the box, by the deck hands, was such, that the officers, whose duty it was to receive goods for transportation, must, if they had exercised reasonable attention, care and diligence, have known that the box was in the boat, and have received it. This finding is not, it seems to us, sufficient to charge the carrier. No special contract or usage, applicable to the case, having been found, it should appear, affirmatively, that he or his agents, for the reception of freight, had been expressly notified of the deposit of the box in his steamboat. This conclusion is fully sustained by the authorities to which we have referred. And, as no such notice has, in this instance, been found by the Court, the findings do not support the judgment. *Tower* v. *The Utica, &c., R. R. Co.*, 7 Hill 47; *Miles* v. *Cattle*, 6 Bing. 743; Edwards on Bailments, p. 451.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*Randall Crawford* and *Henry Crawford*, for the appellant.

*John H. Stotsenburgh* and *Thomas M. Brown*, for the appellee.[1]

(1) No briefs are with the record.