## BERTRAM v. WATERMAN et al.

18 529
81 548
18 529
104 369

1. **Lien:** REVIVOR AND NEW JUDGMENT. In 1849 a judgment was rendered in the District Court, in favor of D. K. & Co., against H.; in 1856 a petition was filed, entitled, "petition to revive judgment," setting forth the recovery of the judgment, and praying for "a writ of *scire facias* in due form of law, and judgment for the amount stated to be due on said judgment," after which judgment was entered, reciting the filing of the "petition to revive," and ordering that "said judgment be revived, and that the plaintiff have and recover of and from said defendant the said sum of," &c. (being a sum equal to the amount of the original judgment with interest thereon), with costs; and upon this judgment an execution was issued under which real estate was sold. *Held,* that the title of the purchaser related back to the date of the second judgment only, and that a grantee of the judgment defendant, holding under a conveyance made before the rendering of said second judgment, held the better title.

*Appeal from Clinton District Court.*

MONDAY, JUNE 12.

RIGHT. — Both parties claim title under W. G. Haun; plaintiff's deed bears date January 21, 1856, and was duly recorded January 24th, 1856. Defendants' title is as follows: In 1849, Doan, King & Co. commenced an action against W. G. & H. P. Haun, & S. H. Peck, partners, under the name of W. G. Haun & Co. In the same month plaintiff recovered judgment against W. G. H. (the only defendant served), and the cause was continued as to the others. Afterwards, in October, 1850, judgment was rendered against all the defendants. On the 7th of May, 1856, a petition was filed, entitled, "petition to revive judgment," setting forth that Doan, King & Co. recovered judgment against W. G. Haun & Co. in October, 1850; asking for a writ of *scire facias* in due form of law, and judgment for the amount stated to be due on said judgment. This was sworn to in due form, as required in proceedings by *scire facias*. On the same day W. G. H., one of the defendants, filed an answer, admitting the truth of

the matter stated in the petition, and that "defendants could not resist a judgment of revivor." May 8th, 1856, an order or judgment was entered, reciting the filing of the "petition to revive," the judgment of October, 1850, &c., and it was thereupon adjudged "that said judgment be revived, and that plaintiff have and recover of and from said defendants the said sum of," &c., and then follows a judgment in due form for the whole amount of the prior recovery, with costs and interest computed to said last date. In January, 1858, an execution was issued on this latter judgment, referring to it by date and amount, but speaking of the recovery as in "a suit to revive a judgment rendered May Term, 1849 :" under this execution the land in controversy was sold to Doan, King & Co., and a deed made accordingly, which refers to the judgment as of date May 8, 1856. Defendants claim regularly under the sheriff's deed.

Upon these facts the court below found the title in plaintiff, and defendants appeal.

*Grant & Smith* for the appellants.

*A. R. Cotton* for the appellee.

WRIGHT, Ch. J. — It will be readily seen, that if the lien of the judgment of October, 1850, continued to the time of the sale by the sheriff, then defendants have the paramount title, and plaintiff cannot recover. On the other hand, if the lien only dates from May, 1856, then, as plaintiff's deed was made and recorded in January of that year, he has the better title, and the judgment should not be disturbed ; and to determine this, we have only to settle the true nature and character of the so called revivor proceedings, and the rights of the parties as affected by the writ issued thereon. For if this is to be treated as a new judgment, then the prior one was vacated or merged in this, and ceased to have any operative effect

1. LIEN: revivor and new judgment.

or force. If not a new judgment, but simply an order that plaintiff should have execution for the judgment mentioned in the *scire facias*, then the original lien continued as though the proceedings to revive had not been instituted.

The case differs in some of its facts from *Denegre* v. *Haun*, 13 Iowa, 240, and yet the rules there recognized and the reasoning used are not inapplicable in this. It is there said that a *scire facias* to revive a judgment is only a continuation of the former suit, and is not an original proceeding; that thereunder the court is to order that execution issue on the original judgment, and for costs; and cannot render judgment for the amount of the original debt and interest and costs thereon. Citing 2 Tidd, 933; *Woolster* v. *Gale et al.*, 4 Halst.; *Vredenberg* v. *Snyder*, 6 Iowa, 39.

Under the petition of May 7th, 1856, and the answer thereto, we think the court could properly have ordered an execution on the original judgment, and continued in life the lien created thereby. This was doubtless the aim and object of the proceeding. But if the judgment creditors were not content with this, they might (though perhaps not very regularly) take a judgment as in an action of debt, and pursue their remedy thereunder. In electing to pursue the latter course, it will be observed that they would obtain a new judgment for the whole debt, with interest calculated to the date of the new recovery, and thereby be entitled to afterwards receive interest on the aggregate amount. On the other hand, if they did not take a new judgment, they would lose the advantage of thus accumulating the interest, but would retain their lien. Now, which did they elect to do? This we are to determine from the face of the judgment itself. And it seems to us that it must be treated as a new judgment, and not one simply reviving the former recovery. The entry is anomalous, but this is its essence and substance. It has

but few, if any, of the characteristics of an order under a proceeding by *scire facias*, while it has all the essential elements of an ordinary judgment. What precedes the *quod recuperet*, partakes of the nature of recital rather than a judgment of revivor. Then there is a recovery for a specific amount (being the original judgment with interest computed to date) for costs, and an order "that execution issue therefor." What more was necessary to make a formal and regular new judgment, we cannot conceive. But there is another view of the case which is not unworthy of attention. The entry of May, 1856, is unquestionably in form a judgment as in an ordinary action. It may have thrown into it some other matter, but this is its substance. That this is true, is shown by the language employed as well as by the act of the plaintiffs in taking execution thereon. If the original judgment was not merged, then plaintiff had two judgments for the same cause of action. They could have but one satisfaction. Now concede that they might have had execution on the first judgment, yet they elected to take it upon the last. The title thereunder cannot relate back of the lien of the judgment. And yet, according to appellants' argument, it does relate back to a judgment which is not referred to in the sheriff's deed, nor in the execution. If it should, therefore, be admitted that an execution could have issued on the old judgment, under which a title might have been obtained paramount to that of plaintiff, the difficulty is that this course was not pursued, and defendants must abide by their title as it is, and not as they might (possibly) have made it. For reasons, doubtless satisfactory, the plaintiffs in execution preferred to take satisfaction of, and to issue their writ upon the last recovery, and we do not see how defendants' title can go behind the judgment, execution, levy and sale upon which it is based.                                    Affirmed.