# THE ST. LOUIS, ALTON AND TERRE HAUTE RAILROAD COMPANY,

*v.*

## JAMES MONTGOMERY.

1.  CARRIERS—WAREHOUSEMEN—*in which character a railroad company liable.* The technical liability of a common carrier does not attach until the delivery to him of the property is complete.

2.  If, for example, the same person is common carrier and warehouseman, and he receives goods to be forwarded when he has orders from the owner, his liability in the mean time is that of a warehouseman and not that of a common carrier.

3.  So where A delivered to a railroad company, for transportation, a quantity of hay, which was placed on platform cars; the next day, when the company was about to send it forward, A requested that it should not be taken away until he could first see the party to whom it was sold, which request was complied with, and the next day the hay was ignited by sparks from a passing locomotive, and a portion of it burned. In an action by A against the com-

pany for the value of the hay thus burned: *Held*, that, from the moment A requested the hay to be detained, the liability of the company was that of a warehouseman only.

4. SAME—*degree of care required of each.* A common carrier is liable for all losses not arising from the "act of God" or the public enemy.

5. A warehouseman must exercise reasonable care, but he is not an insurer against all losses except those arising from the "act of God" and the public enemy; he is only liable for losses which might have been guarded against by the exercise, on his part, of ordinary care and diligence.

6. SAME—*what constitutes negligence.* In this case, the mere leaving of the hay where the owner requested it might be left, and subject to no more hazards than the owner knew it must be subject to, was not a want of ordinary care on the part of the company.

7. In such case, the railroad company were still bound to use all possible diligence to prevent the escape of fire from their trains in passing the loaded cars.

.8. BURDEN OF PROOF—*as to question of care and diligence.* In an action against a railroad company for injury done to property by reason of fire escaping from their locomotives, the burden of proving that the engine was properly guarded in that respect is upon the company.

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The facts in this case are stated in the opinion.

Mr. LEVI DAVIS, for the appellant.

Messrs. BILLINGS & GILLESPIE, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action upon the case brought by the appellee against the appellant to recover the value of a quantity of hay burned upon the cars of the appellant. It appears from the evidence that the hay was placed on the platform cars on Friday, and on Saturday morning the conductor of the freight train was about to take it away, when the plaintiff said he did not wish it to go until he could see Mr. Ketchum, to whom he had sold it. In consequence of his request the cars were left, and the next day the hay was ignited by sparks thrown from

the locomotive of a passing passenger train, and a considerable portion was consumed. The plaintiff recovered a verdict on the trial, and the defendant appealed.

There is nothing in the record showing carelessness on the part of the appellant, except the single fact of leaving the hay standing upon the side track exposed to the sparks of a passing train, and this carelessness and exposure resulted from the express request of the plaintiff. It was the unquestionable duty of the railway company to send off the hay as soon as it was placed upon the cars, and this duty they were about to perform, and refrained from its performance solely at the request of the plaintiff himself. When he objected to having the hay go forward he knew its exposed position, and to what dangers it was liable. These dangers having been incurred at his own request, with full knowledge of their character, and the company having been guilty of no other negligence by which the hazard to the hay was increased, there is no principle of law which will enable this plaintiff to charge the appellant with the consequences of an accident due only to himself. The proof shows that the locomotive was equipped with the best apparatus for arresting sparks, that the passenger train stopped on Sunday at its proper place, and that the engineer, in passing the hay, closed the damper of his locomotive for the purpose of aiding in arresting the sparks. There is no evidence in the record showing that the platform cars on which the hay was loaded could have been taken to any place on the side track where the hazard from passing trains would have been diminished.

Neither can the company be made responsible through its liability as a common carrier. A common carrier, it is true, is liable for all losses not arising from the "act of God," or the public enemy, in neither of which categories would the loss, in the case before us, fall. But the technical liability of a common carrier does not attach until the delivery to him of the property is complete. If, for example, the same person is common carrier and warehouseman, and he receives goods to be forwarded when he has orders from the owner, his liability

in the mean time is that of a warehouseman, and not that of a common carrier. He must exercise reasonable care, but he is not an insurer against all losses except those arising from the "act of God" and the public enemy. Angell on Carriers, § 134, and cases there cited. That was, in principle, the position of the defendants in the present case. They had received the goods and placed them on a car, and the plaintiff, with full knowledge of the risks to which they might be exposed from passing trains, requested that they should not be forwarded until he had seen Ketchum. From the moment that request was made, and while the defendants were detaining the hay in consequence of it, they were only liable for losses which might have been guarded against by the exercise, on their part, of ordinary care and diligence. The mere leaving of the goods where the plaintiff requested they might be left, and subject to no more hazards than the plaintiff knew they must be subject to, is certainly not a want of ordinary care for which the defendants can be held chargeable. They were still bound to use all possible diligence to prevent the escape of fire from their trains, and such diligence seems to have been used.

There was also a count for burning the plaintiff's meadow at another time. The damages under this count could have formed but a small part of the verdict. The jury might with propriety have given a verdict for the injury to the meadow, as the company failed to prove that the engine was properly guarded against the escape of fire. The burden of making this proof was on the company. *Bass* v. *The Chicago, Burlington and Quincy R. R. Co.*, 28 Ill. 1. As the verdict must have been based chiefly on the count for burning the hay, we must reverse the judgment.

*Judgment reversed.*