UNION BANK OF MARYLAND *et al.* v. AMES.

**Judgment:** ON SERVICE BY PUBLICATION: EFFECT OF SALE UNDER.
Where there is service by publication only, and no appearance, but judg-
ment by default is rendered, quieting plaintiff's title to real property, and
thereafter the plaintiff sells the real property to a good-faith purchaser
for value, such purchaser will be protected in his title, by Revision 1860,
section 3163, although a re-trial may be had under section 3160, even if
it should appear that the first judgment was erroneous.

*Appeal from Lucas District Court.*

TUESDAY, DECEMBER 16.

SUIT in equity, originally brought July 8, 1868, to quiet
plaintiff's title to S. E. of S. W. of section 7, N. W. and N.
W. of N. E. of section 18, Tp. 72, R. 21; and the N. E. of N.
E. of section 30, Tp. 73, R. 21. The defendant was a non-
resident, and served by publication only. Judgment was duly
rendered November 13, 1868, quieting the title in plaintiff as
asked. On December 8, 1869, the plaintiff, the bank, sold
and conveyed said land to Joseph A. Brown, who is now a
co-plaintiff with the bank. On April 5, 1870, the defendant,
Charles Ames, having been served only by publication, ap-
peared and moved for a re-trial of the action under Revision
1860, section 3160. The re-trial was granted; defendant filed
a cross-petition; issue was joined thereon. On second trial
plaintiff's title was again quieted. The defendant appeals.

*Stutsman & Trulock* and *Dungan & Lamb* for the appellant.

*Stuart Brothers* for the appellees.

COLE, J. — We deem it necessary to state only so much of
the facts, as we find them, as are required to make plain the
points upon which we rest our decision.

On December 15, 1857, W. C. Drake, being indebted to
Levi Cook & Co., A. Bridgman & Co., and others, made a deed

of general assignment for the benefit of his creditors, whereby he conveyed all his real estate, including that in controversy, and personal property to W. W. Thomas and David Kirk, in trust for the payment of his debts. The defendant, Charles Ames, was, a short time prior thereto, made assignee of Levi Cook & Co., whereby he became entitled to said claim in trust for their creditors. On March 10, 1859, A. Bridgman & Co. recovered judgment in the Lee district court against said Drake for $2,796.56, the amount of their claim, a duly certified copy of which was filed in the clerk's office of the Lucas district court, March 28, 1859. In 1863 Bridgman & Co. transferred their judgment to the plaintiff, the Union Bank of Maryland. On February 9, 1865, Drake having died in the meantime, the plaintiff herein obtained an order or judgment of the Lee district court, whereby it was "ordered and adjudged that the judgment for $2,796.56 and costs and interest be revived, and that there is due plaintiff on said judgment $4,430, drawing ten per cent interest; it is further ordered and adjudged that said real estate described in said plaintiff's petition on which said judgment was and is a lien, to wit (here describing the real estate in controversy and others), or so much thereof as is necessary be sold for the payment of said judgment, interest and costs," and that special execution issue, etc. On June 2, 1865, special execution reciting the judgment as being for $4,430 was issued, and the land in controversy sold to the bank, and on January 10, 1867, a deed was executed by the sheriff to the bank therefor. On August 5, 1867, another special execution reciting the judgment as being for $2,796.56 was issued on said judgment, and, September 14, 1867, the sheriff again duly sold the lands in parcels to the bank, but the conveyance was not made till July 28, 1871. On July 8, 1868, the bank commenced this action to quiet its title to said lands; service upon the only defendant, Charles Ames, was duly had by publication, but he made no appearance, and, on a trial had November 13, 1868, a decree was rendered quieting the title in the bank. On December 8, 1869, the National Union Bank of Maryland, the plaintiff,

sold and conveyed the land, by deed of general warranty, to Joseph A. Brown. At the April term, 1870, of the Lucas district court, the defendant, Charles Ames, appeared and moved for a re-trial of the action under Revision, section 3160. This motion was granted, Joseph A. Brown was made a party plaintiff, and the facts herein stated were proved upon the re-trial. All but the first of the foregoing facts relate mainly to the plaintiff's title.

The defendant's title rests upon the deed of assignment first above stated, and the further facts that the assignees being unable to sell the real estate at auction, conveyed that in controversy and another tract to Charles Ames, at its appraised value, in settlement of the claim of Levi Cook & Co., and, to fortify this conveyance, the defendant shows an agreement in writing, signed by the creditors of Drake, to release their claims upon said land, and assenting to the conveyance in full payment of the claim of Levi Cook & Co.; but said agreement was signed by " M. T. Kirk, attorney for A. Bridgman & Co. and others, and not by A. Bridgman & Co. in person;" M. T. Kirk, however, was not the attorney for A. Bridgman & Co. in the prosecution of their claim against Drake, although he was their attorney in other claims and matters, but had no general or special authority to execute the agreement. It also appears that at the date of said conveyance by the assignees to Ames, the latter executed a bond to hold the assignees harmless by reason of said conveyance. On the same date, also, Drake and wife conveyed the same land to Ames. It also appears that, October 15, 1860, the assignees having asked to be discharged, and having made a report of what they had done, in substance, had the property appraised, ascertained the creditors, sold the personal property, offered the real estate for sale without finding any bidders, and had made the conveyance to Ames. The court ordered " that all the assets received by said assignees be returned into court, and that said Drake have possession of the same as fully as though an assignment had not been made." It seems, too, that an action was brought in the federal court, on the claim of Levi Cook & Co., against

Drake, after the assignment was made. There is no direct and express evidence that either Levi Cook & Co. or A. Bridgman & Co. ever assented to the assignment; both brought suits on their claims after the assignment was made.

We ground our affirmance of the judgment of the district court, quieting the title in the plaintiff, Joseph A. Brown, upon the provisions of our statute. Rev., §§ 3160, 3316. The first provides that when a judgment has been rendered against a defendant served by publication only, and who does not appear, he may at any time within two years have the action re-tried upon giving security for costs, etc. Under this section the plaintiff obtained the re-trial of this cause. "Sec. 3163. The title of a purchaser in good faith to any property sold under an attachment or judgment shall not be affected by the new trial permitted by section 3160, except the title of property obtained by the plaintiff and not bought of him in good faith by others." In this case it appears that the title to the property was obtained under the judgment by the plaintiff, and was bought of the plaintiff in good faith by others, to wit: Joseph A. Brown. We do not see any escape from this conclusion. See *Lessee of Taylor* v. *Boyd*, 3 Ohio, 337; *Heirs of Ludlow* v. *Kidd*, id. 541; *Wilcoxson* v. *Curtis*, 11 Ind. 514.

If we should even get beyond this point, we should have but little difficulty in holding that Kirk had no authority to make the agreement releasing Bridgman & Co.'s claim; that the second judgment was in effect and by its very language but a judgment of revivor, it being in this regard essentially different from *Bertram* v. *Waterman*, 18 Iowa, 529; that so far as appears either execution sufficiently followed or identified the judgment whereon it issued to sustain the sale under it. But it is not necessary to decide these questions. It is sufficient that in a legal or equitable proceeding wherein the court had jurisdiction of the subject-matter, and the defendant was duly served with notice by publication, it was adjudged that the plaintiff, the bank, was owner of the land, and while this adjudication was in full force and undisturbed, Brown pur-

chased the land in good faith and for value. It is true the statute gives the right to a re-trial, but it gives such right with the incident or burden that the right of a good faith purchaser shall not be disturbed. The statute might have refused a re-trial wholly and absolutely; it has, however, given it, subject to certain conditions. The right cannot be claimed and the conditions repudiated.

Affirmed.