Johnson, J.
That this lard was received by the defendant as a common carrier for immediate shipment to Colgate & Co.; that nothing further remained to be done by the shipper, or any further orders, directions or instructions were to be given before such shipment; that it was destroyed by an accidental fire while stored in the defendant’s warehouse awaiting shipment, which had been delayed by the defendant’s inability to obtain the -necessary cars, owing to a press of business at that season of the year, are facts conceded or clearly established by the testimony.
It also clearly appears that there was such general usage or custom as alleged, known to the plaintiffs, and that at the time of the delivery of these goods they did not receive or expect to receive a bill of lading therefor until the lard was loaded in the cars, and when one was issued, it would contain the conditions as to loss by fire, shown and set out in the answer.
The principles of law, applicable to the facts of this case, may be summarily stated as follows:
1. Upon a delivery and acceptance of goods, under .the circumstances stated, the common law liability of a common carrier immediately attaches, and if they are lost by fire, while awaiting shipment, the carrier is liable to the same extent as if the goods were in transit, unless his liability has been modified, limited or restricted with the consent of the shipper or owner of the goods. Miriam v. Hartford & New Haven R. R. Co., 20 Conn. 354; Trowbridge v. Ghapin, 23 Conn. 595; 2 Redfield on Railways, 63, § 174; Ford v. Mitchell, 21 Ind. 54; Gleason v. Transportation Co., 32 Wisc. 85 ; O'Bannon v. Southern Express Co., 51 Ala. 481; Grosvenor v. New York Central R. R. Co., 39 N. Y. 34; Illinois Central R. R. Co., v. Smyser, 38 Ill. 354 ; Burrell v. North, 2 Car. & Kir. 680 ; Schouler on Bailments, 381, ch. 4.
2. But if anything remained to be done to the goods by the shipper before they are ready for transportation, or if any orders,* directions or instructions were to be given before they were to be forwarded, such liability does not attach. Judson v. Western R. R. Co., 4 Allen, 520; Moses v. Boston & Maine R. R. *453 4 Foster (32 N. H.) 71; Blossom v. Griffin, 3 Kernan, 573; Michigan Southern R. R. v. Schurtz, 7 Mich. 515 ; St. Louis, &c. R. R. v. Montgomery, 39 Ill. 335 ; Lawrence v. W. & St. R. Railway, 15 Minn. 390; Watts v. Boston & Lowell R. R., 106 Mass. 466 ; Bannon v. Eldridge, 100 Mass. 457.
3. The carrier may limit his common law liability for losses happening without his fault or negligence, by a contract, either verbal or in writing. In an action against him as srich carrier, when he has received and undertaken to carry goods, the burden is upon him to establish such modified or limited liability, and to show, that the loss falls within the terms of the agreement. Graham v. Davis, 4 Ohio St. 362; Gaines v. Union Transportation Co., 28 Ohio St. 418.
4. The assent of the shipper or owner of goods, to conditions limiting common law liability, is not to be implied or presumed, but in each case of an action for a loss the assent must be shown by competent evidence, as in other cases of contracts. As the carrier is bound to receive and transport all goods offered for a reasonable compensation, subject to all the responsibility incident to the employment, the presumption is, in the absence of proof sufficient to remove it and to fix a different liability, that the shipper intended to insist on his common law right. New Jersey v. Merchant Bank, 6 How. U. S. 344; Graham v. Davis, 4 Ohio St. 376; Adams Express v. Noch, 2 Duval, 563; Railroad v. Man. Co., 16 Wall. 329.
5. In each case the question is, what are the terms of the contract of shipment ? Are they such as the law prescribes, or such as the parties agreed to ? This being a question of fact, usage or custom cannot be set up to absolve the carrier from his ordinary duties, which public policy, his general undertaking, or his special promise may have bound him to do. Cox v. Hiesley, 19 Penn. St. 243; McMasters v. Penn. R. R. Co., 69 Penn. St. 374; The Sultana v. Chapman, 5 Wis. 454; Cox v. Peterson, 30 Ala. 608 ; Schouler on Bail. 442.
Upon a careful review of the testimony, which consists mainly of the evidence by the plaintiffs themselves, one of whom had for many years been, and was at the time this lard was received, also the agent for the carrier, who received and *454 stored the same, and was diligent as such, agent in trying to procure cars for shipping it, we think the allegation in the answer, to the effect that said goods put in said warehouse upon the agreement and understanding that the defendant should not be liable for a loss by accidental fire, was clearly made out. Such being the case, the common law liability is limited by this special agreement.
Where such is the case, there is no rule of law, nor principle of public policy, that forbids the enforcement of the restricted liability.

Judgment of the common fleas <md district court reversed, and cause remanded.