Allread, J.
Tbe plaintiff claims to be the owner in fee of a tract of about 400 acres of land in Champaign county and brings this action to register his title. The adverse claimant is Lucile Stewart, a minor.
The common source of title is William Stewart who died January 15, 1909, aged about ninety years. On April 23, 1908, William Stewart executed a paper writing purporting to be his last will and testament. The will was duly probated.
The surviving relatives of William Stewart were Elizabeth Stewart, his widow, and William A. Stewart his only child and sole heir at law.
William A. Stewart was at the death of his father married and had one child, to-wit, Lucile Stewart, then of the age of about five years. Lucile Stewart is the only child and is the heir apparent of her father William A. Stewart. Francis I. Stewart was the wife of William A. Stewart and mother of Lucile. Lucile Stewart claims title under the following item of her grandfathers will:
“Item 1st, I give and devise to my beloved wife in lieu of her dower the farm on which we now reside, situated in Salem *687 township, Champaign county, Ohio, containing 400 acres. Also about 108 acres known as the Wright land, situated in Champaign county, Ohio, during her natural life and all the stock, household goods, furniture, provisions and all monies due me and in bank at the time of my decease I give and devise to her absolutely. At the death of my said wife the real estate aforesaid I give and devise to my son William A. Stewart during his natural life, and then to his heirs in fee simple.”
February 20, 1909, William A. Stewart, Francis I. Stewart and Elizabeth Stewart brought an action to contest the will of William Stewart. The administrators, with the will annexed, of William Stewart and Lueile Stewart were made parties defendant. A guardian ad litem was appointed for Lueile Stewart as provided by statute.
The record of that case shows that the trial resulted in a verdict and judgment setting aside the will. The plaintiff claims under successive conveyances from the widow and heirs at law of William Stewart, deceased.
In the registration ease Lueile Stewart was brought in as a defendant. Her defense is made by J. T. Journell as guardian ad litem. Her defense finally rests upon her third amended answer and cross petition in which she claims in substance that at the time of said proceedings to contest the will she was an infant of tender years, under the control of those adversely interested, and was wholly incapable of understanding the nature and effect of the proceedings, entirely ignorant of her rights, had no guardian or attorney to represent her, and that the guardian ad litem originally appointed who was preparing to make a defense and to resist the efforts to set aside the will was removed and another guardian ad litem appointed who was subservient to the wishes of those adversely interested and did not call witnesses or make a real defense in said case; by reason whereof it is claimed that said Lueile Stewart was not bound by said judgment and has a right to open up the same and secure a new trial of said will contest case. The plaintiff answers to the cross petition of said Lueile Stewart. The answér sets out the record in the will contest case more fully and denies the charge of fraud. It is also averred that J. T. Journell, as guardian in fact, brought suit in the common pleas court to open up and set aside the said *688 judgment in said will contest case and that upon the trial thereof said plaintiff dismissed said action.
The second defense sets out that the plaintiff was a purchaser of said real estate, after the decision of the will contest case, for full value after an examination of the title of record and without notice of the claim of said Lucile Stewart.
The case is submitted at this time upon the pleadings.
It is claimed that J. T. Journell is not a “disinterested” person and was, therefore, incompetent to be appointed as guardian ad litem in the present case.
“Disinterested” as used in the registration act evidently means one not interested in the subject matter. We think the fact that Journell was loyal to and even a partisan of the interests of Lucile Stewart was no legal objection to his competency to be appointed and to act as guardian ad litem.
It is claimed that Lucile Stewart was not a proper nor necessary party in the will contest case. In order to determine this question we must consider the provisions of the will. If, under the will, she had no vested, contingent or expectant interest in the land in controversy then the case would be resolved into a moot question. Considering the whole of Item 1 we think the estate of the widow in the 400 acres as well as the 108 acre tract was subject to the devise to the heirs of William A. Stewart. The period following the devise of the 400 acre tract is not conclusive. Noble v. Ayers, 61 Ohio St. 491 [56 N. E. 199]. Punctuation yields readily to the context.
It is not necessary to place a definite or final construction upon the clause in the will under which Lucile Stewart claims. It is sufficient for the present to say that under a reasonable construction of that clause she has either a contingent or an expectant interest in the fee. She was the only living representative of the fee simple interest. If her estate was vested or contingent she would be a proper party in the will contest case to make the defense. If her estate was merely in expectancy, while she could probably not convey or release it still she had the right to defend it and was therefore a proper party. Campbell v. Watson, 8 Ohio, 498.
The question is raised as to the jurisdiction of the court in *689 the registration case. The evident purpose of the registration act was to confer broad powers upon the registration court. The proceeding is essential in rem and includes jurisdiction to determine legal or equitable rights including vested, contingent and expectant estates.
The statute conferring jurisdiction, Sec. 8572-1 Gr. C., provides :
‘ ‘ Said courts shall have full power to inquire into the condition of the title to any and all interests or estates, legal or equitable in land, or any lien, charge or incumbrance theron and to make all such orders, judgments and decrees as may be necessary to settle, determine, establish and declare as against all persons known and unknown, in being or unborn, the said title, interest or estate, and all liens and incumbrances existing therein, and the order and preferences as between the same, and to remove as against all persons known and unknown, in being or unborn, clouds from the title and forever quiet and settle the same.”
See also Sec. 8572-5-8-16 6. C.
The registration proceedings were instituted in the court of common pleas, being the same court where the will contest was decided and which would have jurisdiction of an application to open up that judgment. We, therefore, have in the trial court the broad powers conferred upon a registration court combined with those of a court having jurisdiction over the action of the judgment in the will contest case.
Lucile Stewart claims under Sec. 11603 Gr. C.
‘1 It shall not be necessary to reserve in a judgment or order the right of a minor to show cause against it after attaining the age of majority; but in any ease in which, but for this section, such reservation would have been proper, within one year after his majority, the minor may show cause against such order or judgment.”
It is claimed by counsel for plaintiff that Sec. 11603 Gr. C., does not apply to a will contest case. It is contended that the will contest chapter is exclusive. There is some foundation for this contention in the history of the will contest statutes and in the decision of the Supreme Court in the case of McVeigh v. Fetterman, 95 Ohio St. 292 [116 N. E. 518], No doubt at one period in the history of the will contest statutes an exclusive *690 remedy was therein provided to open up the judgments in such eases, but those statutes have been repealed and a will contest is now declared to be a civil action. It was held by this court, and affirmed by the Supreme Court, that the three-fourths jury law provided for civil actions was applicable to will contest cases. This decision would have a bearing upon the relationship of will contest eases to other civil actions and the scope of the code of procedure. While the questions here presented is not without doubt we are strongly inclined to the view that after the repeal of the special sections providing for opening up judgments in contest of-' will eases that the provisions of the civil code in respect thereto would apply. We think it would be a dangerous inovation to bar minors of tender years of the special right to open up judgments in such cases. We are, therefore, of opinion that Section 11603 G. C., applies. It is further claimed by counsel for defendant that Sec. 11603 G. C., gives the minor an absolute right to withold his application until the extreme period of limitation unless such minor through a proper agency voluntarily chooses to precipitate the contest.
Whatever might have been the rule heretofore we are of opinion that under the registration laws the registration court would have jurisdiction in a proper case to require a show down of the minor’s rights. It is a matter of common knowledge that minors are interested in many will contest cases where such minor’s rights have been zealously guarded and where no fraud exists. To hold the extreme rule that every minor is entitled to have his day in court after he becomes of age would place a cloud upon many titles unjustly. The registration act was intended to remove merely colorable clouds and free the title from purely technical difficulties.
The minor here files not only an answer but a cross petition. The guardian ad litem in this case is also her guardian in fact. She has, therefore, by the agencies provided by law chosen to present her ease and while she asks as an alternative that the registration be dismissed .she states the facts upon which her claim to title rests and this, we think, would justify a registration court in determining whether she has in fact a right to open up the judgment. See Rammelsburg v. Mitchell, 29 Ohio St. 22.
*691 The minor is now almost of age and according to the pleadings is no longer controlled or surrounded by parties adversely interested. There is, therefore, no apparent reason for holding the case open. If the evidence discloses that she has no right to open the judgment in the former case, then the title of plaintiff should be quieted and registered because in such case her right would be purely technical and not substantial.
There remains for consideration two questions:
(1) The sufficiency of the third amended cross petition of Lucile Stewart; and
(2) The sufficiency of the second defense of the answer of the plaintiff thereto.
It is contended that the third amended cross petition should affirmatively state that the said defendant, Lucile Stewart, has a defense to the action to set aside said will. We think such defense was included in said third amended cross petition by necessary inference and that the cross petition states facts showing a right to open up the judgment at least as against the parties to the judgment and is, therefore, good against a general demurrer.
The second defense of plaintiff’s answer to said cross petition sets forth in substance that the plaintiff purchased the real estate involved in this action after the judgment setting aside said will for full value and without notice of the equity now claimed by Lucile Stewart. This question is not without difficulty. It is the general rule that the title of a bona fide purchaser without notice is not affected by the subsequent setting aside of a judgment, upon which the title rests, for fraud, or other infirmity not appearing upon the face of the record and not going to the jurisdiction of the court. The claim here is that the rights of the infant defendant are based upon a statutory reservation. Counsel for defendant, Lucile Stewart, claims with considerable force that the statutory reservation has the same effect as if it had been actually written in the decree and that all purchasers who took title were bound to know that the minor might at any time within one year after arriving at the age of majority file an application to open up the judgment.
In the case Carey v. Kemper, 45 Ohio St. 93 [11 N. E. 130]; *692 Long v. Mulford, 17 Ohio St. 485; and Rammelsberg v. Mitchell, supra, this statute (now Sec. 11603 G. C.) in substantially the same form was considered. Neither of those cases show that the right of a bona fide purchaser was involved or considered. It was held, however, that the statute merely preserved the rights of the minor as they had been formerly preserved in the journal entry by the usages of courts of equity.
In the case of Ludlow v. Kidd, 3 Ohio, 541, the rights of a bona fide purchaser were involved.
The action there was brought by infant heirs to obtain legal title to certain real estate and was dismissed. Subsequently a bill of review was filed by said minor and the judgment of dismissal was reversed. After the decree of reversal the purchaser who took- title for full value after the dismissal of the original action and before the filing of the bill of review by the minor was made party. Judge Sherman in announcing the opinion discusses the question at considerable length and reviews the leading English and American authorities. Judge Sherman says:
“The argument for complainants is, that the statute giving the infants a day after they became of age, to file a bill of review, is to be taken as part of the decree itself, and considered as if the privilege was contained on its face; and that the legal effect thereof is, that it remains a matter pendente lite, until the rights reserved by the decree are extinguished. I do not consider it at all important to determine in this case whether the statute is to be so blended with the decree, as to be considered a part of it, for if the decree had, in terms reserved to the complainants the right of showing cause against it, after they arrived at age, it would not have had the effect of continuing the cause until that period. A decree to be final, need not conclusively settle and determine all the questions litigated, or rights involved in the suit between the parties, but it must put an end to that particular suit. The decree of dismissal in the original suit has all the requisites of a final decree. It is so in its terms; it is rendered upon final hearing; the court adjudicate upon the equity of the parties, and find that equity in favor of the defendants, and that the complainants are not entitled to the relief which they seek, and decree a general dismission of the bill, with costs. Nothing is reserved or left for further determination by the court, but the whole controversy between the *693 parties is disposed of, and a final end pnt to that particular cause, and I can not perceive that the decree, being against infants, at all changes its character or alters its effect as to third persons. ’ ’
This case has not been overruled nor criticised by any subsequent case in this state. It has been followed not only in this but in many other states. Ohio River R. Co. v. Fisher, 53 C. C. A. 411 [115 Fed. 929]; Perkins v. Pfalzgraff, 60 W. Va. 121 [53 S. E. 913]; England v. Garner, 90 N. C. 197; Cheever v. Minton, 12 Colo. 557 [21 Pac. 710; 13 Am. St. 258]; McCormick v. McClure, 6 Blackf. (Ind.), 466 [39 Am. Dec. 441]; Union Bank v. Ames, 37 Iowa, 672; Wadhams v. Gay, 73 Ill., 415; Rector v. Fitzgerald, 8 C. C. A. 277 [59 Fed. 808] ; Aldrich v. Chase, 70 Minn., 243 [73 N. W. 161]. See also Freeman, Judgments, Sec. 513.
Section 11633 G-. C., provides that:
“The title to property which is the subject of judgment or order sought to be opened, and which, by or in consequence of the judgment or order has passed to a purchaser in good faith shall not be affected by proceedings under the next two preceding sections. ’ ’
This section was brought into the code of civil procedure in 1853 (51 O. L., 57). It was then limited to cases of constructive service. Later on in the revision of 1880 it was incorporated in Sec. 5356 E. S., and made applicable to all proceedings to vacate or modify a judgment after the term.
Section 11633 has been held applicable to the case of a purchaser under judicial sale. Moor v. Parsons, 98 Ohio St. 233 [120 N. E. 305]; Stites v. Weidner, 35 Ohio St. 555. Whether the section would include the case of a purchaser at private sale under a title declared by the original decree has never been decided in this state. In the ease of Union Bank v. Ames, supra, the Supreme Court of Iowa under a statute which has some elements of similarity to Sec. 11633, held that it applied to a purchaser at private sale under a title establishd by a judgment. A somewhat similar holding was made in the case of Aldrich v. Chase, supra, by the Supreme Court of Minnesota. We do not think it is necessary to determine whether the case at bar falls *694 within the protection given by Sec. 11633. That section was not, in our judgment, intended to restrict the rights of purchasers previously existing under the rules of chancery. We are of opinion that a bona fide purchaser from a party whose title rests upon a decree of a court is protected against a minor who makes a subsequent application for the opening up and vacating of said judgment.
We therefore, hold that the second defense of plaintiff to the third amended cross petition of the defendant, Lucile Stewart, is sufficient against a general demurrer, and if not denied, disputed or overthrown by evidence would constitute a good defense.
The motion of the defendant, Lucile Stewart, for a judgment in her favor upon the pleadings is, therefore, overruled. The cause will be retained for trial upon the pleadings.
Ferneding and Kunkle, JJ., concur.