CATHARINE C. JEWETT AND BURTON JARVIS v. PERKINS MORRIS AND ABIGAIL MORRIS.

*Every man is entitled to a day in court.*

An order setting aside a foreclosure sale and opening the case cannot be made without bringing in such third persons as have acquired rights under the sale.

Appeal from Berrien. Submitted October 10. Decided October 21.

FORECLOSURE. Complainant and Jarvis appeal from an order setting aside sale.

*Edward Bacon* for appellants. An order setting aside a foreclosure sale is appealable (*Perkins v. Perkins*, 16

41 MICH.—87.

Mich., 163; *Ledyard v. Phillips*, 32 Mich., 13) and ought to be set aside where a purchaser who was not a party was not notified of the proceeding, *Stone v. Welling*, 14 Mich., 527.

*Howell & Carr* for defendants. A purchaser under decree must ascertain at his peril whether it was warranted or not, *Ritson v. Dodge*, 33 Mich., 464; he submits himself to the jurisdiction of the court in all mattters connected with it, *Coffey v. Coffey*, 16 Ill., 141; *Requa v. Rea*, 2 Paige, 339; Rorer on Judicial Sales, §§ 394-6.

MARSTON, J. This is an appeal from an order of the circuit court in chancery setting aside a sale of real estate made in accordance with a decree in a foreclosure case, opening said decree and referring the cause to a circuit court commissioner to take proofs.

The decree was rendered November 20th, 1877, the sale was made September 24th, 1878, and the premises sold to Burton Jarvis, who was not a party in the foreclosure proceedings. A deed was executed to Jarvis by the commissioner on the same day of the sale, and by Jarvis recorded the 11th day of November following.

The petition to set aside this sale was filed March 25th, 1879, by Abigail Morris, and sets forth that she is the wife of the mortgagor, who was insane at the time the mortgage was given by him; that in the foreclosure suit she was appointed guardian *ad litem*, and that she acted under the advice of counsel and submitted the charge of the suit wholly to counsel; that the property was sold at less than one-fourth its actual value to Jarvis, and that Jarvis has paid nothing for the land.

It also appears from the record that the petitioner as guardian *ad litem* put in an answer and that proofs were taken upon which the decree was rendered. Jarvis was not brought into court and had no notice of the proceedings taken upon the petition.

It would seem one of the plainest principles in juris-

prudence, that where third parties had acquired rights under judicial proceedings, they could not be deprived thereof, without being in some way brought into court and given an opportunity to be heard. This was held in *Crawford v. Tuller*, 35 Mich., 57, and the rule there laid down must govern in this case. The order setting aside the sale and opening the case must be set aside with costs to appellants.

The other Justices concurred.