DOUGLAS COUNTY, APPELLEE, V. WILLIAM J. CONNELL, APPELLANT.

Equity: SETTING ASIDE JUDGMENT. A suit to set aside or modify a judgment for a cause other than those enumerated in section 602 of the civil code must be founded on some recognized source of equity jurisdiction, such as fraud, accident, or mistake, or the same should be dismissed.

APPEAL from the district court for Douglas county. Tried below before NEVILLE, J.

*W. J. Connell, pro se.*

*J. C. Cowin,* for appellee.

COBB, CH. J.

It seems from the record in this case, that on the 5th day of September, 1878, W. J. Connell commenced his action in the district court of Douglas county against William F. Heins, treasurer of Douglas county, and Thomas Bryant, the object of said action being to enjoin the said treasurer from executing and delivering a tax deed to the said Thomas Byrant of certain land claimed by the said Connell, and which had been sold for delinquent taxes by the said treasurer, and bought by the said Bryant.

A temporary injunction was issued in said case, and on

the 6th day of January, 1879, a final decree was entered therein by the said district court, in which it was, among other things, decreed that it appeared by proper evidence filed in said cause, that the summons in said action had been duly served on both of the said defendants. The said decree granted the relief prayed by the said Connell in his petition, making the said injunction perpetual, and declaring the taxes for which the said land had been sold to be null and void as well as the levy and assessment thereof and all the proceedings connected therewith, and the said Bryant and his assigns barred of all interest therein or equity in or to said land by reason of said certificates, or any payment of taxes thereunder, and which said perpetual injunction was made to apply to the successors of the said William F. Heins, treasurer of Douglas county, as well as to himself.

It further appears that on the 22d day of July, 1879, the board of county commissioners of Douglas county commenced this action in the district court of Douglas county, wherein the said board is plaintiff, and the said William J. Connell, together with William F. Heins, treasurer of Douglas county, and the said Thomas Bryant are defendants. The object and prayer of the petition in which action is that the decree rendered in said first mentioned action be set aside, cancelled, and declared void, and for general relief. That the said Connell and Bryant answered in said action, and on the 7th day of October, 1882, the said district court made its final decree therein, in the following words:

"The court being fully advised in the premises, finds in the case of William J. Connell vs. William F. Heins, treasurer of Douglas county, and Thomas Bryant, heretofore pending in and decided by this court, that the county of Douglas was not made a party defendant, and was not served with summons therein. It is therefore considered adjudged and decreed by this court that the decree rendered

in said cause, so far as the same relates to or may affect or prejudice said county of Douglas, be modified by striking out of the said decree the following words, to-wit : 'And the said taxes, and all thereof are hereby declared null and void, as well also as the pretended levy and assessment thereof and all the proceedings in connection therewith,' and the words, 'As well also as his successors in office,' and that plaintiff recover from said William J. Connell its costs expended herein taxed at $22.93." There was a motion for new trial, which was overruled, and the case brought to this court by appeal.

If the county of Douglas was not bound by the proceedings in the case of Connell against Heins et al., then it had no cause of action in this case; and I am at a loss to conceive upon what ground it could have been deemed entitled to any relief.

The statute provides that " A district court shall have power to vacate or modify its own judgments or orders after the term at which said judgment was rendered or order made.

1. By granting a new trial of the cause, within the time and in the manner prescribed in section 318.

2. By a new trial granted in proceedings against defendants constructively summoned as provided in sec. 77.

3. For mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order.

4. For fraud practiced by the successful party in obtaining the judgment or order.

5. For erroneous proceedings against an infant, married woman, or person of unsound mind, where the condition of such defendant does not appear in the record or the error in the proceedings.

6. For the death of one party before the judgment in the action.

7. For inevitable casualty or mistake preventing the party from prosecuting or defending.

8. For error in judgment shown by an infant in twelve months after arriving at full age as prescribed in sec. 442.

9. For taking judgment on warrants of attorney for more than was due plaintiff when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment. Section 602 Compiled Statutes, page 611.

The plaintiff's case falls within none of the provisions of this section. There doubtless may cases arise in which a court of equity would have jurisdiction to set aside or modify a judgment in cases other than those mentioned in the above sections; but in all such cases it must be founded upon some recognized source of equity jurisdiction such as fraud, accident, or mistake. Nothing of that kind is alleged in the case at bar. There being no sufficient allegations contained in the petition upon which a judgment could be founded, the judgment of the district court is reversed, and the case dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.