THOMAS WELCH *vs.* JAMES J. MARKS and others.

December 6, 1888.

Partition — Service by Publication — Motion to set aside Judgment, Sale, and Confirmation — Subsequent Purchasers as Parties.—In an action of partition, non-resident defendants were served with the summons by publication only. For want of an answer, judgment was rendered, and the lands sold to plaintiff by a referee; it having been found by the court that partition could not be made without great prejudice to the owners. This sale was confirmed, and thereafter the lands sold and conveyed by plaintiff to alleged *bona fide* purchasers. A part of the defendants seasonably and properly moved, upon affidavits and answers, that the court should vacate the judgment, annul and set aside all proceedings subsequent thereto, and allow a defence to be made upon the merits. The affidavits and proposed answers were ample in form and substance, and were confessedly true. *Held,* that it was not necessary to make the alleged *bona fide* purchasers parties to said motion, nor need they be notified of its pendency.

Same.—*Held, further,* that the court erred in refusing to permit the interposition of the proposed answers, and in denying a trial upon the merits of the case.

Appeal by defendants from an order of the district court for Sibley county, *Edson,* J., presiding, denying their motion to set aside a judgment of sale in a partition suit and all proceedings thereon.

*Reynolds & Stewart,* for appellants.

*S. & O. Kipp,* for respondent.

COLLINS, J.　Plaintiff above named, claiming to be the owner of an undivided two-ninths of certain real estate situated in Benton county, brought an action for partition, averring in his complaint a tenancy in common, and stating the respective interests of each of the defendants.　There were further allegations as to the value of the property, and that partition could not be made without great prejudice to the owners.　The complaint concluded with the usual demand for a sale by a referee, and a division of the proceeds among the parties, plaintiff and defendants, as their interests might appear.　The summons was served by publication only; and thereafter, on February 24, 1885, for want of an answer, judgment as prayed for was entered in form; after which, on April 18th of the same year, the referee named sold and by deed conveyed to the plaintiff all the lands mentioned in the complaint and judgment decree.　This sale was confirmed by the court April 25th, and the proceeds thereof, (less fees and expenses,) deposited in court for the use of the proper parties.　On the 12th day of December, 1887, (more than one year after the rendition of the judgment,) three of these defendants moved the court, upon affidavits and separate proposed answers, that said judgment, the sale by the referee, the order confirmatory thereof, and all proceedings pertaining to either, be set aside, vacated, and annulled, and that they be allowed to defend the action.　The affidavits and proposed answers disclose defendants' interests to be as stated in the complaint. They further aver that plaintiff has no right, title, or interest in or to any part of said land; that his claim thereto is based upon tax assignments on which the time for redemption has not expired, and upon tax certificates void on their face, but which purport to cover a portion of said land owned by one Bryant; that the premises were sold by the referee at about one-eighth of their value; that actual partition thereof could be had without prejudice to any one; and that the other defendant, Castle, died many years prior to the commencement of this action.　The plaintiff makes no attempt to controvert the contents of the moving papers; nor does he contend that defendants, as non-residents, have not clearly brought themselves

within the provisions of Gen. St. 1878, *c.* 66, § 125. But he sets forth by affidavit that by and through certain conveyances (all of which have been duly recorded) all of the lands in dispute have passed from plaintiff, since the confirmatory order, into the hands of *bona fide* purchasers and for value, and from these facts argues, among other points which need not be specially discussed, two propositions: *First,* that no part of this motion can be granted until the purchasers from plaintiff are cited in and made parties thereto; *second,* that the motion must be wholly denied, because to grant any portion of it would affect and jeopardize the titles of good-faith purchasers, whose rights rest upon a sale made by order of the court in a properly commenced and completed judicial proceeding.

It may be conceded that in demanding the setting aside of the sale, and all subsequent steps, the defendants asked too much; but they were clearly entitled to a part of the relief sought,—the privilege of litigating the merits of the controversy,—unless the first position above mentioned is sound as a question of practice. See *Lord* v. *Hawkins, supra,* p. 73. If the purchasers of the lands must be notified of all efforts which defendants may make to be heard in this action, it is because of rights which they have secured, and which may be endangered should the judgment be set aside. No other reason can be urged for compelling them to participate in the expense and uncertainty of a lawsuit. But if, as plaintiff urges, they are protected by the judicial sale, have acquired rights through it which cannot be disturbed, it can make no difference to them what may subsequently transpire as between the parties to the action. They may rest in perfect repose, relying upon the protection afforded by the law in like cases, and wholly indifferent as to the result of this or any other proceeding of which they are not directly notified. Of the many cases cited by respondent in support of his proposition that defendants are entitled to no relief whatever because of their failure to notify the parties to whom plaintiff has sold these lands, there are but two, so far as we can discover, which will support the refusal of the court below to permit the interposition of answers,—one, *Toler* v. *Ayres,* 1 Tex. 398; the other, *Molloy* v. *Batchelder,* 69 Mo. 503. In each of these it is stated that third parties, who have acquired an interest in

property sold under execution, must be made parties, or notified of the motion to set aside the judgment upon which the execution was issued. In the Texas case the attempt was made, by motion, to set aside and quash the proceedings (including the sheriff's return, showing a sale to a stranger to the record) on an execution sale of real property. Several grounds for refusing the motion are stated by the court as peculiar to the statutes of that state, while other reasons are given which would be of value in opposition to a part of this motion, but are not forceful when we consider the statutory right to appear and defend conferred upon non-resident defendants who are not guilty of laches. The Missouri case is but briefly considered in the opinion, which is published without a clear statement of the facts. Without these it cannot be regarded as an authority of consequence.

The judgment which defendants seek to open, confronts them at every turn, and so long as it is in existence they are without remedy for an alleged injury, whereby they claim to have been illegally deprived of valuable property rights. The method attempted by them to reach a trial is not exclusive, but it is statutory, and it is their privilege to pursue it, if they choose to so elect. By or through it there can be no just determination of the rights of third parties, nor could their interests be as well considered as in a direct proceeding for the very purpose. The *status* of those who have relied upon the referee's sale cannot be fairly adjusted upon the hearing of a motion based, as it always is, upon *ex parte* affidavits of the parties and other persons. The impossibility of discreetly and thoroughly examining rights presented in such an informal and incomplete manner would seem to fully answer plaintiff's contention that the defendants must make the purchasers answer to this motion, and submit their objections, (if they have any,) to defendants' application to be heard on the merits. Should the defence be successful, the rights of those who have placed confidence in the judgment—have relied upon it, and made their investments—will secure proper consideration when presented in suitable form; for we quite agree with the court which said, in *Jewett* v. *Morris*, 41 Mich. 689, (3 N. W. Rep. 186,) that "it would seem one of the plainest principles in jurisprudence that, where third parties had acquired rights under judicial proceedings, they could not

be deprived thereof without being in some way brought into court, and given an opportunity to be heard."

The court below erred in not according to appellants a part of the relief prayed for. The order is modified to the extent of permitting the interposition of the proposed answers, which may stand as served; the trial to be had upon the issues thus raised, or such further or different issues as may be properly made.

GILFILLAN, C. J., and DICKINSON, J.   We think the order ought to be still further modified, by requiring that the purchasers at the sale be brought in as parties in the action.