LUCINDA .DREW *vs.* CITY OF ST. PAUL.

November 17, 1890.

**Vacating Judgment—Act Protecting Bona Fide Purchasers.**—By the amendment to Gen. St. 1878, *c.* 66, § 125, found in Laws 1887, *c.* 61, an order of the court vacating and setting aside a judgment, made under the provisions of said section 125, does not affect the title to or estate in real property, as against a *bona fide* purchaser or incumbrancer thereof, in cases where the judgment has been of record in the proper county for a period of three years preceding the date of the application for relief.

**Same—Defendant Protected as Such Purchaser.**—The record in this case, which was brought to determine an adverse claim to certain real estate, and the evidence as certified up, *held* sufficient to sustain a finding of the trial court that defendant city was a *bona fide* purchaser of the premises in question, and within the provisions of the amendment of 1887.

**Same—Validity of Act.**—There are no constitutional rights or questions affected by, or involved in, either section 125 or the amendment thereto.

Action brought in the district court for Ramsey county, to determine defendant's adverse claims to certain lots in St. Paul. The plaintiff appeals from an order refusing a new trial, after a trial before *Otis*, J., and judgment ordered for defendant.

*Berryhill & Davison*, for appellant.

*O. E. Holman*, for respondent.

COLLINS, J. In the year 1883, one Lord, claiming to be the owner of two lots in the city of St. Paul under certain tax proceedings, and certificates issued to him at sales for taxes, brought an action against this plaintiff and "parties unknown" but claiming title, to determine adverse claims to the property. This plaintiff was a non-resident, upon whom personal service of the summons could not be made, nor did she appear therein; but such steps were thereafter taken under the statute regulating actions against non-residents as resulted in the due entry of judgment quieting the claims and demands of each and all of the defendants in said property, and adjudging Lord to be the owner of the same. On October 8, 1883, this judgment was duly

recorded in the office of the proper register of deeds, and on the 19th day of November following, Lord sold and conveyed a part of the property to the defendant city herein, for levee purposes. As soon as this plaintiff had notice of the entry of judgment against her, in October, 1888, she procured an order upon Lord to show cause, if any he had, why the judgment entered by default against her should not be set aside and vacated, her answer to the complaint received, and the action tried upon its merits. Personal service of this order could not be made upon Lord, nor did he appear at the hearing or in any of the subsequent proceedings, by means of which the judgment in his favor was set aside and vacated, and, in the course of time, another rendered and entered adjudging and decreeing this plaintiff the owner of the real property involved, and that Lord had not and never had any right, title, or interest in it. The defendant city, whose deed from Lord of a portion of the lots was duly recorded in the year 1886, was not made a party to, nor was it notified in any manner of, the order to show cause, or of any of the later proceedings by means of which the decree of the court made in 1883 in the action of *Lord* v. *Drew*, and adverse to this plaintiff, was set aside and vacated five years afterwards, and another decree in her favor—its exact opposite—substituted. The present action was thereafter brought for the purpose of determining the title asserted by the city to a portion of the lots, and, upon a trial of the issues made by the pleadings, judgment was ordered for the city as to all it claimed to own, —that part of the property conveyed to it by Lord in November, 1883. The plaintiff appeals from an order refusing a new trial.

The greater part of the argument made by appellant's counsel was devoted to a discussion of the constitutionality of the amendment to Gen. St. 1878, *c.* 66, § 125, found in Laws 1887, *c.* 61; but it should be apparent at a glance that there is no question pertaining to the fundamental law involved in either section 125 or in the amendment thereto made in 1887. Section 125 conferred upon any party to litigation in the district courts of this state, whether resident or nonresident, without regard to the manner in which the summons was served, the privilege of making application, at any time within one year after notice of the same, to be relieved from a judgment taken

against him through his mistake, inadvertence, suspense, (surprise,) or excusable neglect. It is a mere opportunity which has been given the litigant by this section, and his application is addressed to the sound discretion of the court. He has no rights, constitutional or otherwise, which the court is bound to regard when passing on the merits of his motion, as he has when his case is presented within one year after the rendition of the judgment, and within the provisions of another section (66) of the same chapter. *Lord* v. *Hawkins,.* 39 Minn. 73, (38 N. W. Rep. 689.) And, were it not for the existence of section 125, this plaintiff would have been without remedy and beyond relief, after the expiration of one year from the time the original decree in *Lord* v. *Drew* was entered. The action pertained to real property lying within the jurisdiction of the court, and the latter had jurisdiction of the subject-matter. When constructive notice has been given to non-resident defendants in such actions, in the manner prescribed by statute, its power to proceed to final judgment. is unquestionable. As a matter of favor, the legislature enacted section 125, available to all alike, and not applicable to those only upon whom the summons has been served by publication. The amendment of 1887 was passed while the case of *Lord* v. *Hawkins,.* *supra*, was in the courts. It did not go into effect for about six. months after its passage, the object of the provision being evidently to guard against a surprise upon those who were then entitled to the benefits found in a section which had been a law for many years. Nor could the amendment be made useful in actions then pending. In form it was a proviso to section 125; and, in effect,. that, as against a *bona fide* purchaser or incumbrancer, the granting of the authorized relief, the setting aside of a judgment on which the title or estate of the purchaser or incumbrancer to or in real property depended or was based, should not prevail in any case where the judgment or a certified copy thereof had been of record in the office of the register of deeds for the county in which the property was situated for a period of not less than three years prior to the date of the application for relief, with a further condition of no moment here. The amendment attacked by the appellant as unconstitutional is simply a limitation or restriction upon an existing stat-

ute, over which the legislature had full control, and might have lawfully repealed altogether had it so desired. As before stated, there is no constitutional question involved in any of the legislation out of which came section 125, or the amendatory act of 1887.

In the case at bar the decree first made was properly recorded on October 8, 1883, while appellant's application for relief bore date October 24, 1888, more than five years later. Meantime the amendment was passed, in March, 1887, to take effect September 1st, thus giving to appellant and others similarly situated about six months' time in which to examine the records, and learn whether or not they were affected by the new law; and, when the amendment finally became effectual, it inured to the benefit of all who came within its terms. A judgment could still be set aside and vacated, as was the one now under consideration, but such action by the court availed nothing as against the good-faith purchaser or incumbrancer, where the decree had been of record the specified period of time. Under this statute, the title of the *bona fide* purchaser based upon the decree cannot be disturbed when three years have expired without application for relief, and with the decree duly upon the record in the register's office. One purchasing in good faith, within the three record years, takes a title subject to having it hazarded or divested if seasonable application be made by the judgment debtor, but he knows within what period of time this must be done. The uncertainty upon this point, the inevitable result of the provisions of section 125, was removed by the amendatory proviso; and if the defendant city was a *bona fide* purchaser from Lord, as was found by the trial court, it was not affected at all by the result of the plaintiff's application for leave to answer in the original action, as that result was embodied in the last decree. Its rights had become fixed under the amendment, and therefore the court below was correct in its order for judgment in this action.

But appellant argues that the city was not a good-faith purchaser from Lord, because it had previously proceeded to condemn for public use the land conveyed to it by his deed of November 18, 1883. No allusion is made in any of the pleadings to these alleged proceedings to condemn, nor was there a finding as to whether they were

had, or not. On examining the testimony, we do not find that the condemnation proceedings were put in evidence; and it is very certain that whatever may have been done was not with reference to Lord's alleged title. Nor does the defendant city claim anything in this action under the alleged condemnation. It rests its claim to be the owner of a part of these lots by virtue of the decree of October 4, 1883, its record of October 8th, and a warranty deed from Lord, for which it paid, in money, the consideration therein named. The evidence is abundant to sustain the finding that it was a *bona fide* purchaser of the premises, within the statute of 1887.

Order affirmed.