JOHN FITZPATRICK *vs.* ARCHIBALD CAMPBELL.

Submitted on briefs June 8, 1894.   Affirmed June 22, 1894.

No. 8667.

**Default in answering excused.**

*Held,* that the court below did not abuse its discretion in vacating a judgment, and allowing defendant to answer, when on the last day his attorney endeavored to serve it by going to the office of plaintiff's attorney, and, finding it closed, went to his boarding place, and upon inquiry there, being unable to find him, went to such office several times between 4 and 7 o'clock p. m., and, finding it closed each time, he put it through the mail slot in the door, and the next morning it was found by plaintiff's attorney.

Appeal by plaintiff, John Fitzpatrick, from an order of the Municipal Court of the City of Duluth, *Eric L. Winje,* J., made January 8, 1894, setting aside a judgment and allowing the defendant, Archibald Campbell, to answer.

*F. E. Ebner,* for appellant.

*J. A. Hanks,* for respondent.

BUCK, J.   The plaintiff brought suit in the Municipal Court of the city of Duluth, in replevin, for certain personal property. The summons appeared to have been duly served on the defendant on the 6th day of December, 1893, but the defendant's attorney did not

make any attempt to serve an answer on the plaintiff's attorney until about 4 o'clock p. m. on Saturday, the 16th day of December, 1893, when he went to the office of the plaintiff's attorney with a verified answer, for the purpose of serving it upon him, but the door was locked; and he then examined the city directory to find the residence of plaintiff's attorney, and there found the residence of plaintiff's attorney given as boarding at the Merchants' Hotel in said city, and upon going there, and making inquiry, he failed to find him, and he then went to the office of plaintiff's attorney on three different occasions between the hours of 4 o'clock and 7 o'clock p. m. on said 16th day of December, 1893, but could not find him; and thereupon he deposited in the office of said plaintiff's attorney a correct copy of said answer, by passing the same through the mail slot of the office door of said plaintiff's attorney, and on the same day mailed plaintiff's attorney a letter of what he had done as above stated. This answer was found by plaintiff in his office December 18, 1893, Sunday having intervened. Notwithstanding these proceedings, the plaintiff, on the 18th day of December, 1893, entered judgment in his behalf, and against defendant, as for want of an answer. Upon motion, based upon various affidavits, the defendant promptly applied to the court to have the judgment vacated and set aside, and that he be allowed to answer and defend in said cause. This motion was granted by the court below, and the plaintiff appeals therefrom to this court.

The respondent objects to the appellant's assignment of error, upon the ground that it is insufficient, and that it does not distinctly state the error intended to be urged on this appeal, and that it is too general, and not specific. Considering the whole case, we are of the opinion that the assignment of error is sufficient. Appellant alleges that "the court below erred in granting the order vacating the judgment entered in said cause, and allowing the defendant to file his answer and defend therein." The respondent could not be misled by such an assignment, and his brief shows that he was not only not misled, but that he comprehended the full force of the assignment of error, and prepared his own brief in accordance with such understanding. This objection is therefore overruled.

While we are of the opinion that the practice of the defendant in not serving his answer in a legal manner (within the time allowed

by law) is not commendable, yet we do not feel disposed to interfere with the discretion of the lower court in so vacating the judgment, and allowing the defendant to defend.    To the mind of the writer of this opinion, the case is not quite so clear that the court below did not abuse its discretion, but the statute upon this subject (1878 G. S. ch. 66, § 125) is very broad, permitting the court, in its discretion, to allow an answer to be made after the time limited by said chapter, or the court may, by an order, enlarge such time.

The appellant earnestly contends that defendant's affidavit of merits is insufficient.    Whatever just criticisms may be indulged in as to the affidavit of the defendant's attorney not constituting a complete and sufficient affidavit of merits, yet, connecting this with the verified answer of the defendant, which was served by defendant upon plaintiff, denying the material allegations of the plaintiff's complaint, we are of the opinion that there was a sufficient affidavit of merits.    The object of the affidavit is to show the sufficiency of the defense proposed to be made to the action.    The defendant's absolute denial in his answer of the plaintiff's material allegations in his complaint showed that he claimed to have a complete defense.    It showed a meritorious defense.    That is the principal intention of an affidavit of merits.

The order appealed from is affirmed.

(Opinion published 59 N. W. 629.)