### THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY v. JAMES MIDGETT.

1. INJURY TO EMPLOYE—*Assumption of Risk.* A servant may rely upon the duty of a master to furnish him with reasonably safe tools and machinery for his use, and should not be held to assume all risks of danger as soon as defects in such tools or machinery are discovered. After knowledge of defects which may render the employment dangerous, unless the danger is imminent and obvious, the servant may continue in his employment a reasonable time, in reliance upon a promise of the master to repair.

2. INSTRUCTIONS, *How to be Considered.* Instructions of the court must be taken together, and considered and construed as a whole.

3. ANXIETY OF MIND—*Element of Damage.* Pain and anxiety of mind, in an action for personal injury, is a proper element of damages when connected with physical pain or injury, and is the direct result of the injury.

4. JUDGMENT, *When Affirmed.* Where it appears from an examination of the entire record that no prejudicial error was committed by the trial court, the judgment will be affirmed.

MEMORANDUM.— Error from Johnson district court ; JOHN T. BURRIS, judge. Action by James Midgett

against the Atchison, Topeka & Santa Fe Railroad Company, to recover damages for certain alleged personal injuries. The plaintiff had judgment, and defendant brings the case here. Affirmed. The facts are sufficiently stated in the opinion herein, filed July 6, 1895.

*A. A. Hurd, W. Littlefield,* and *O. J. Wood,* for plaintiff in error.

*J. W. Parker,* and *S. T. Seaton,* for defendant in error.

The opinion of the court was delivered by

CLARK, J.: The defendant in error, James Midgett, brought this action against the railroad company, plaintiff in error, to recover damages for an injury alleged to have been sustained through defects in a hand-car on which he was riding while in the employ of the company. He obtained a verdict and judgment, in the district court of Johnson county, for $400.

The first error assigned and relied upon, is in the overruling of the demurrer to the evidence of the plaintiff. It is contended for the plaintiff in error that defendant in error knew of the defects in the hand-car, and continued working therewith after the danger was as obvious to him as to the company, and that it must therefore be held that he fairly assumed whatever risk of danger there was. There was evidence introduced tending to prove the existence of defects in the car, the knowledge of the company thereof through the foreman in charge of the work, the promise of the foreman to have the defects repaired, and the injury of the plaintiff below without fault on his part. A general verdict being returned by the

jury, all these questions are presumed to have been decided on the evidence against the plaintiff in error. Such decision, we think, was authorized by the evidence. It is the duty of a railway company not only to furnish its employés with reasonably safe tools and machinery to be used in the work required of them, but also to exercise reasonable care and diligence to keep such tools and machinery in safe and serviceable condition. (*A. T. & S. F. Rld. Co. v. Holt*, 29 Kas. 149 ; *Solomon Rld. Co. v. Jones*, 30 id. 601; *A. T. & S. F. Rld. Co. v. Wagner*, 33 id. 660.)

While it is true that an employe, by virtue of his employment, assumes all the ordinary risks incident thereto, he is not required, immediately upon the discovery of defects in tools or machinery, to quit work and leave his employment, unless the danger from such defects is so imminent as to make it gross carelessness or recklessness for him to continue therein. Where no such danger is apparent, and the employe is justified in believing that the defect will soon be remedied by his employer, he may continue in his employment for a reasonable length of time after acquiring knowledge of the danger, without himself assuming the risks thereof. (*S. K. Rly. Co. v. Croker*, 41 Kas. 747 ; *Rush v. Mo. Pac. Rly. Co.*, 36 id. 129 ; *A. T. & S. F. Rld. Co. v. Sadler*, 38 id. 128 ; *Morbach v. Mining Co.*, 53 id. 731, 740.)

It was for the jury to say from the evidence what the facts were with reference to promises to repair, as well as what influence such promises may have had in inducing the plaintiff to continue at work. Whether the plaintiff was guilty of contributory negligence by continuing work for an unreasonable time after he knew the defects in the car, was a question of fact for the jury. The foreman in charge of the work, who

hired Midgett and other employes and directed them about their work, stood in place of the company, as its representative, and his knowledge and neglect bind the company. (*A. T. & S. F. Rld. Co. v. Moore,* 29 Kas. 632; *H. & St. J. Rld. Co. v. Fox,* 31 id. 586; *A. T. & S. F. Rld. Co. v. Sadler,* supra.)

The evidence shows that Midgett had been in the employ of the company only a short time, and first discovered the defects in the car, which are claimed to have been the cause of its leaving the track, only two days prior to the time of the accident.   We think the questions pertaining to this branch of the case were properly submitted to the jury, under the instructions of the court, and, in this respect, no error was committed.

The objections made and urged to the admission of certain medical expert testimony are without merit. The hypothetical questions put to the witnesses were based upon competent testimony, and had direct reference to issuable facts in the case.

Certain instructions of the court are complained of, and error is assigned upon them.   One of these instructions is as follows:

"If you believe, from the evidence, that the plaintiff was injured by being thrown from a hand-car, furnished by the defendant company for the use of the plaintiff and other employes while in the employ of the defendant, and while in the line of his duty, and that the accident happened by reason of the defective car, and if you further find that the foreman, King, knew of the defects, and had promised to repair such defects, then the plaintiff is entitled to recover:   *Provided,* You further find from the evidence that the plaintiff did not, by his contributory negligence, contribute to said accident; and the burden of the issue is upon the defendant to prove, by a preponderance of the evidence, the contributory negligence of the plaintiff."

We think this instruction is subject to some criticism for not fully stating the facts necessary to be proven in order to make the defendant liable.    Before an employee who, with knowledge of the dangerous condition of the machinery with which he is working, continues in his employment can be relieved from the charge of contributory negligence by reason of promises to repair the known defects, it must appear that such promises were to repair in a reasonable time, and that the employee continued at work relying thereon, and believing that the employment would probably be safe until the repairs were made.    The rule holding an employee to an assumption of all risks of danger of which he has as full notice as his employer, rests upon the principle that if it is negligence for the employer to furnish defective tools or machinery it is also negligence for the employee to use them.    Both being equally informed of the facts, each is held to be equally guilty of negligence, and no liability therefor exists from the one to the other.    However, out of consideration for the necessities of one who is thus employed, the law overlooks any act of imprudence on his part when he continues to work in reliance upon the promise of his employer, and reasonably expecting that the cause of the danger will soon be remedied.    To have this effect, the promise must have been of such a character as to warrant the belief that the necessary repairs would soon be made ; and it must also have been brought to the knowledge of the employee, otherwise it cannot be said he was influenced thereby.    In addition to the cases above cited upon this proposition, see *Counsell v. Hall*, 145 Mass. 468 ; *Hough v. Railway Co.*, 100 U. S. 224 ; *District of Columbia v. McElligot*, 117 id. 621.

The charge of the court might have been fuller and

more explicit on this feature of the case. Other parts of the instructions, which also bear upon the risks and duties of the employee, must be read in connection with this part of the charge and the whole construed together. The evidence upon these points is without material conflict, and does not present a case of obvious and imminent danger. Only one day intervened from the discovery by the plaintiff of the defect and the accident—certainly not an unreasonable time. We do not think the jury could have been misled in this respect. If, when thus construed together, the instructions state the law correctly, inaccuracy in a detached portion thereof is not ground for reversal. (*C. B. U. P. Rld. Co. v. Andrews*, 41 Kas. 370; *Cain v. Wallace*, 46 id. 138.)

As to measure of damages, the court instructed the jury as follows:

"If the plaintiff is entitled to recover, he may recover such damages in this case as will compensate him for his pain and suffering, and for his anxiety of mind, and for any permanent injury he may have sustained in said accident, and for loss of time, both past and future, as well as physician's bill which he may become liable to pay."

This instruction is objected to on the ground that it allowed the jury to give damages for anxiety of mind in addition to mental pain and suffering, and therefore authorized double damages for the same thing. The only allegation in the petition with reference to pain is, plaintiff "in all said time suffering great pain," without in any way distinguishing between physical and mental pain.

"Damages for mental suffering can be recovered in cases of this kind, where such mental suffering is an element of the physical pain, or is a necessary consequence of the physical pain, or is the natural and

proximate result of the physical injury, and can be recovered in cases of this kind only under such circumstances.'' (*City of Salina v. Trosper*, 27 Kas. 544.)

Compensation for such suffering is recoverable under the general allegation of damages; it is not matter of special damage and need not be specially alleged. (*Wright v. Compton*, 53 Ind. 337.) Of course, there cannot be damages recovered for mental suffering and also for anxiety of mind as an independent element of damages. Under the evidence in the case, the jury no doubt understood the words ''pain and suffering'' to refer exclusively to physical pain and suffering, without regard to the mental effects of injury, and it is evident that the court used the expression in that sense. At least, suffering and anxiety of mind had reference to but one mental condition. The meaning of the trial judge might have been more clearly expressed, but this court is not prepared to say that the jury could have been misled thereby into awarding double damages for the same thing. Unless it appears that the jury may have been misled to the prejudice of the plaintiff in error, any error in this respect does not warrant a reversal of the judgment. (*K. C. Ft. S. & G. Rld. Co. v. Hay*, 31 Kas. 177; *Ft. S. W. & W. Rld. Co. v. Karracker*, 46 id. 511.)

No claim is made that the verdict is excessive, nor is there reasonable ground for such complaint in view of the evidence in the case. The verdict is for a sum unusually moderate for this class of cases. We are of the opinion that a fair trial has been had of the issues joined in this case, and that no reversible error appears in the record. The judgment is affirmed.

All the Judges concurring.