THEODORE GLAESER v. CITY OF ST. PAUL.[1]

February 2, 1897.

Nos. 10,273—(258).

**Continuance—Setting Aside Default.**
> *Held*, that the trial court did not err in relieving the city from a judgment obtained against it by default, and allowing it to answer on the merits.

Appeal by plaintiff from an order of the district court for Ramsey county, Willis, J., vacating a judgment in favor of plaintiff for $765.87, and allowing defendant to answer. Affirmed.

*S. C. Olmstead*, for appellant.

*E. J. Darragh*, for respondent.

MITCHELL, J. The summons and complaint were served upon the mayor of the city on July 17, 1896. In default of any appear-

[1] Reported in 69 N. W. 1101.

ance on part of defendant, the plaintiff, on August 13, obtained an order appointing a referee to assess his damages, and on the same day judgment was entered against the city on the referee's report. On August 15 the corporation counsel applied for and obtained an order on plaintiff to show cause on Monday, August 17, at 10 a. m., why the judgment should not be vacated, and the defendant allowed to answer on the merits. This order was served on plaintiff's attorney about noon of Saturday, August 15. The affidavits upon which the order to show cause was granted were accompanied by the proposed answer of the defendant, verified by the assistant city attorney. When the order to show cause came on for hearing, plaintiff's attorney applied for a continuance of the hearing for ten days, on the ground that, because of prior professional engagements, he could not sooner prepare for argument. The court refused to grant the continuance, proceeded with the hearing, and granted defendant's motion.

1. The first error assigned is the refusal of the court to grant plaintiff's counsel a postponement of the hearing. The time between the service of the order and the return day was so short that ordinarily a court would grant counsel additional time for preparation. But it does not appear that any considerable time for preparation was necessary. It was not suggested that it was desired to prepare any counter affidavits. All the preparation that was needed was to examine the affidavits and proposed answer upon which the order to show cause was granted, so as to ascertain whether they made a case entitling the defendant to the relief asked for on the ground of mistake, inadvertence, or excusable neglect. These papers were quite brief, and the subject is one with which the profession is quite familiar, and it would seem that the time which counsel devoted to preparing an affidavit for a postponement would itself have been sufficient in which to make all needed preparation by an attorney of any considerable experience.

2. The substance of the defendant's affidavits was that the corporation counsel, whose duty it is to attend to the defense of all suits against the city, never knew that this action had been brought until after judgment was entered; that the summons and complaint were never delivered to them or brought to their attention,—the mayor, or those in his office, having, through inadvertence or neglect, failed

67 M.—24

to deliver the papers to them. While certain verbal criticisms are made upon the affidavit of the assistant corporation counsel, yet, fairly construed, it is to the effect that he had examined into the merits of the case, and made a careful survey of all the facts upon which the action was based, and that he believed the city had a good and meritorious defense. Allowing the defendant to answer would not delay the trial of the case beyond the time when it could have been tried had an answer been seasonably interposed.

Under the circumstances, we could not hold that the court abused its discretion in relieving the city from the default. Conceding that the mayor was negligent in not calling the attention of the corporation counsel to the fact that such an action had been commenced, yet this was, under the circumstances, the kind of mistake, inadvertence, or neglect from the result of which the statute intended to allow the court to grant relief, in the exercise of a sound discretion. While municipal corporations are subject to the same rules as other litigants, yet, in the application of these rules, regard must be had to the fact that such corporations are not natural persons, but have to act through the agency of public officers.

Order affirmed.