JOSEPH B. ALDRICH v. JOHN W. CHASE and Others.[1]

December 2, 1897.

Nos. 10,657—(124).

**G. S. 1894, § 5267—Modification of Final Judgment in Foreclosure—Purchaser Pendente Lite.**

Although under G. S. 1878, c. 66, § 125, as amended (G. S. 1894, § 5267), an action is, after final judgment, still under the control of the court for the purposes of that section, yet the action is not pending (at least after the time for appealing has expired), so as to render a purchaser from a party to the action of property the title of which is affected by the judgment a purchaser pendente lite.

**Same—Notice of Application to Purchaser.**

Such purchaser must be made a party to or be given notice of any application under that section to vacate or modify the judgment, at least when the party making the application has notice, actual or constructive, of the transfer of interest; and, if he is not made a party to or given notice of such application, the setting aside or modification of the judgment will be, as to him, void and inoperative to affect his title.

Appeal by plaintiff from that part of a judgment of the district court for Hennepin county adjudging the defendant White to be the owner of the real estate described in the complaint, which was entered pursuant to findings and order of Simpson, J.   Affirmed.

*Keith, Evans, Thompson & Fairchild,* for appellant.

The practice followed in the application to amend the judgment was correct.   Welch v. Marks, 39 Minn. 481.   White, when about to purchase the property, finding the mortgage of record, and the judgment purporting to annul the mortgage, was bound to examine the proceedings upon which the judgment was based and is chargeable with knowledge of everything that such an examination would disclose.   16 Am. & Eng. Enc. 798; 2 Pomeroy, Eq. Jur. § 626; Martin v. Brown, 4 Minn. 201 (282); Roll v. Rea, 50 N. J. L. 264; Foster v. Gulf Coast, 71 Miss. 624.   The burden of proof to establish laches is on the party alleging it.   12 Am. & Eng. Enc. 609.   Without knowledge of the erroneous judgment on the part of plaintiff or his

[1] Reported in 73 N. W. 161.

grantors the claim of laches cannot be made against them. Pomeroy, Eq. Jur. § 917; 12 Am. & Eng. Enc. 547; Stocking v. Hanson, 35 Minn. 207; Dutton v. McReynolds, 31 Minn. 66; Nell v. Dayton, 47 Minn. 257; Holterhoff v. Mead, 36 Minn. 42.

*Frank W. Booth*, for respondent.

The judgment has never been corrected so far as this defendant is concerned. McNamara v. Casserly, 61 Minn. 335; Stein v. Roeller, 66 Minn. 283. If Welch v. Marks holds as appellant claims, it has in effect been overruled by McNamara v. Casserly, supra. The application to open the judgment should be served upon the parties claiming title. Lord v. Hawkins, 39 Minn. 73. The respondent had a right to rely upon the judgment. American v. Stoneman, 53 Minn. 212; Bradshaw v. Duluth, 52 Minn. 59; Bronson v. Schulten, 104 U. S. 410; Northern v. Crystal, 67 Minn. 131. Appellant is estopped from relying upon the judgment as amended, as against this respondent. Chase v. Whitten, 62 Minn. 498; McClure v. Bruck, 43 Minn. 305. The application to change the judgment should have been made at once after the purchase by this respondent and notice should have been given him. Mueller v. McCulloch, 59 Minn. 409; Lord v. Hawkins, supra; Cutler v. Button, 51 Minn. 550. This case has already been practically decided by this court. Chase v. Whitten, supra.

MITCHELL, J.

This was an action to foreclose a real-estate mortgage, the only defendant appearing being White, a subsequent purchaser of the mortgaged premises.

A foreclosure under the power was set aside, because there was nothing due when the foreclosure proceedings were commenced, the whole interest being forfeited .by the fact that the note drew a greater rate of interest after maturity than before. Chase v. Whitten, 51 Minn. 485, 53 N. W. 767. On July 10, 1893, a final judgment was entered in that action, adjudging not only the foreclosure sale but also the mortgage itself null and void and of no effect. Notice of the entry of the judgment was immediately served on Whitten, and a certified copy of the judgment recorded in the office of the register of deeds.

On June 4, 1894, the defendant White for a valuable considera-
tion and in good faith purchased the premises from the mortgagors,
believing that the mortgage had been canceled by the judgment.
White immediately placed his deed on record and went into posses-
sion of the premises.

In December, 1894, the court, on motion of the defendant Whitten
(then the owner of the mortgage), made an order (filed January 4,
1895) correcting and amending the judgment so as to be one merely
setting aside the foreclosure, and thus making it conform to the
intention of the court, as expressed in open court when he announ-
ced his decision of the case.   Chase v. Whitten, 62 Minn. 498, 65 N.
W. 84.   White was not a party to that action and no notice was
served upon him of the application for the amendment and modifica-
tion of the judgment.

The answer of White in the present action is in substance that
he was a good-faith purchaser for value in the full belief that the
mortgage had been canceled by the judgment in Chase v. Whitten,
and that, as no appeal had been taken, he supposed Whitten had
abandoned all claims to the premises under the mortgage.

In view of the admissions of plaintiff's counsel in this court we
infer that the case was tried in the court below, with his consent,
upon the theory that the amendment and correction of the judg-
ment in Chase v. Whitten was not conclusive on the defendant, but
that he had the right to attack it in this action by proving any
facts which he might have urged against amending or correcting
that judgment had he been made a party to that application.   The
trial court seems to have disposed of the case on that theory and in
effect held that, as against the defendant White, Whitten (plaintiff's
assignor) was not entitled to have the judgment corrected because
of his unexcused and unexplained delay from July, 1893, to Decem-
ber, 1894, in making any application for such relief.

In the absence of any case or bill of exceptions we must assume
that the evidence fully justified the finding of fact that the

"Plaintiff has attempted in no way to excuse or explain the delay
of nearly eighteen months in having said judgment in the case of
Chase v. Whitten corrected."

There is no warrant for the assumption that this finding was

entirely predicated upon the facts found in the preceding findings. For anything the record discloses other facts supporting this finding may have been proved,—as, for example, that Whitten had actual notice of the mistake in the judgment long before White purchased; and, if necessary to support the finding, we must assume such to be the fact. Hence, under the theory of the law upon which the case was tried with plaintiff's consent, the decision of the trial court should be affirmed. But, in order that this disposition of the case may not mislead in the future, it is necessary to consider the status of purchasers after final judgment of property which was the subject of the action, and the title of which was affected by the judgment, where, after the purchase, the judgment is vacated or modified, under G. S. 1894, § 5267, which was G. S. 1878, c. 66, § 125, as amended by Laws 1887, c. 61.

There can be no doubt but that one who, after final judgment, purchases from one of the parties to the action at any time within three years after the judgment has been recorded in the office of the register of deeds, takes the chances of his title being affected by the subsequent setting aside or modification of the judgment, under section 5267. Lord v. Hawkins, 39 Minn. 73, 38 N. W. 689; Welch v. Marks, 39 Minn. 481, 40 N. W. 611; Drew v. City, 44 Minn. 501, 47 N. W. 158. The question remains, however, whether his title can be thus affected without notice to the purchaser of the application to vacate or modify the judgment.

It is now generally held that an appeal continues the lis pendens until final judgment on the appeal; and as an application for relief under section 5267, at any time before the time for appealing expires, is to a certain extent a substitute for an appeal, the action may perhaps be deemed pending until the time for appealing expires, so as to make a purchaser within the time a purchaser pendente lite, merely occupying the shoes of the party to the action from whom he bought. It is not necessary to decide that question at this time, as in this case the time for appealing had expired before application was made to amend the judgment. The rule at common law as well as in chancery was that the lis pendens terminated with final judgment or decree. A writ of error or a bill of review, which were new actions, constituted a new lis pendens which, however,

would not affect purchasers between the date of the final judgment or decree and the date of suing out the writ or of filing the bill.

Under our Code, after final judgment an action is still sub judice and under the control of the court for the purposes of section 5267; but, at least after the time for appealing has expired, the action cannot be said to be still pending, in either the popular or historic sense of the term. Where, as in this case, the time for appealing from the judgment had expired, the application for relief under section 5267 serves somewhat the same office as a bill of review in chancery. And it was well settled that, if a person not a party to the original suit became interested in the subject-matter, he was a necessary party to a bill of review by way of supplement. Daniell, Ch. Prac. 158; Mitford, Eq. Pl. 90; Story, Eq. Pl. § 420. Unless thus made a party, he would not be affected by a subsequent change or modification of the decree.

We are of opinion that, on the same principle, the rights of a purchaser of the subject of the action after final judgment cannot be affected by a subsequent setting aside or modification of the judgment (at least after the time for appealing has expired), unless he is made a party to, or given notice of, the application. As to him, such modification or vacation of the judgment is wholly inoperative and void.

This has been always assumed or implied in all the decisions of this court. See Berthold v. Fox, 21 Minn. 51; Welch v. Marks, supra; Chase v. Whitten, 62 Minn. 498. In Lord v. Hawkins, supra, notice was served on the purchasers, who were the appellants in that case. In Drew v. City, supra, the plaintiff was protected as an innocent purchaser for value, under the three-year clause; and hence it was unnecessary to consider the question of notice.

There is a surprising paucity of decisions on the question in other code states which have statutes similar to ours; but, so far as we have been able to ascertain, such decisions as there are, are in line with the views we have expressed. This is in accord with the elementary principles that a person is not bound by a judgment to which he is neither a party nor privy, and that he cannot be deprived of his property without notice and his day in court. See Robinson v. American, 9 Civ. Proc. 78.

In this case, plaintiff's assignor (Whitten) had both actual and constructive notice of White's purchase. What would be the result when the party who applies to have a judgment set aside or modified has no notice of the fact of the change of interest, as where the purchaser neither records his deed nor goes into possession, we need not now consider. It follows from what we have said that the modification of the judgment was wholly void and inoperative as to White, and that his title stands on the original judgment just as if the modification had never been made. On that ground, he was, upon the facts found, entitled to the judgment which the court ordered.

Judgment affirmed.