FRANK T. WHITE v. ADELINE GURNEY and Another.[1]

May 27, 1904.

Nos. 13,953—(82).

**Opening Default Judgment.**

Application to open a judgment entered by default and permit defendant to answer, based upon her excusable neglect, is addressed to the discretion of the trial court.

**Title of Mortgagee Under Decree.**

The mortgagee takes land which is vested in the mortgagor by a judicial decree subject to the right of the defendant to vacate the same within the statutory limit, and is not protected by the registry acts as an innocent purchaser.

Appeal by defendant Adeline Gurney from an order of the district court for Sherburne county, Giddings, J., denying a motion to vacate a judgment in favor of plaintiff entered upon default of defendants and for leave to answer. Affirmed.

[1] Reported in 99 N. W. 889.

*O. M. Metcalf,* for appellant.

*James C. Tarbox* and *Edson S. Gaylord,* for respondents.

DOUGLAS, J.

Application by defendants to vacate judgment entered on November 17, 1902, and for permission to answer. From the order of the court overruling the same, defendant Adeline Gurney appeals.

It appears that on April 14, 1902, H. E. White and the plaintiff, Frank T. White, commenced separate actions against the defendants to determine adverse claims to land situated in Sherburne county. The respective complaints were upon similar paper, and signed by the same attorney. Service upon the defendants was personal, and they delivered the papers to their attorney with the request that he answer and represent them in the litigation. He accepted such employment, and filed an answer in the action brought by H. E. White, but neglected to do so in this proceeding for the reason that, owing to the similarity of names and paper, he negligently assumed that but one action had been brought. Six months thereafter, the cause was placed upon the November calendar of the district court of Sherburne county, the default of the defendants entered, and issue tried. About two months after the entry of judgment plaintiff borrowed the sum of $700 of the Citizens' State Bank of Monticello, and executed a mortgage upon the premises involved to secure the same. It also appears from affidavits filed in support of the motion that the defendant Adeline Gurney was the owner of the land in question, subject to a large number of tax titles claimed to be owned by the plaintiff, the validity of which is not in question. This motion was based upon section 5267, G. S. 1894, which is in part as follows:

> The court may likewise, in its discretion, allow an answer or reply to be made, or other act to be done, after the time limited by this chapter, or by an order enlarge such time; and may also, in its discretion, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him, through his mistake, inadvertence, suspense, or excusable neglect.

Under a uniform line of authorities such an application is addressed to the discretion of the trial court, and its action will not be disturbed

except for palpable abuse. Merritt v. Putnam, 7 Minn. 399 (493); Granse v. Frings, 46 Minn. 352, 49 N. W. 60; Fitzpatrick v. Campbell, 58 Minn. 20, 59 N. W. 629; Glaeser v. City of St. Paul, 67 Minn. 368, 69 N. W. 1101; Milwaukee H. Co. v. Schroeder, 72 Minn. 393, 75 N. W. 606; Potter v. Holmes, 74 Minn. 508, 77 N. W. 416; Hull v. Chapel, 77 Minn. 159, 79 N. W. 669; McMurran v. Bourne, 81 Minn. 515, 84 N. W. 338.

Negligence of an attorney often forms an excellent basis for relief (Hildebrandt v. Robbecke, 20 Minn. 83 [100]; Bray v. Church of St. Brandon, 39 Minn. 390, 40 N. W. 518); and while trial courts are, in our judgment, often too strict in refusing relief where the principal is not personally negligent, still we have only to inquire, under rules settled for our guidance, whether a reasonable discretion was violated. Did the court act captiously or arbitrarily after taking into consideration all the circumstances of the case, including the evidence tending to excuse the negligence of the defendants? Or, on the other hand, can it be said that the nature of the neglect, the long delay on the part of defendants in ascertaining that a judgment was entered, taking into consideration the subsequent mortgaging of the property, was such that the court was justified in refusing to grant the relief prayed? Upon the whole, we are unable to say the court abused its discretion.

Under the rule adopted in Aldrich v. Chase, 70 Minn. 243, 73 N. W. 161, the Citizens' Bank of Monticello was notified of the pendency of this motion, and very properly permitted to appear. Many things might fairly be suggested to the court by such a party bearing directly upon the issue involved; such as estoppel in pais, or undisclosed acts of negligence of the defendant. However, it is well settled in this jurisdiction that a mortgagee's interest may be defeated by the subsequent reversal or vacation (within the statutory limit) of a judgment which vests title in the mortgagor. Lord v. Hawkins, 39 Minn. 73, 38 N. W. 689; Welch. v. Marks, 39 Minn. 481, 40 N. W. 611; Drew v. City of St. Paul, 44 Minn. 501, 47 N. W. 158; Aldrich v. Chase, supra. The mortgagee, under such circumstances, is not deemed to be in law an innocent purchaser under the principle applicable to a purchaser of the record title who is protected by the registry acts.

It follows the order of the trial court is affirmed.