FRANCES KULHANEK ET AL., APPELLEES, V. EMMA KULHANEK ET AL., APPELLANTS.

FILED JULY 15, 1921. No. 21617.

1. **Pleading**: PROOF. A party will not be permitted to plead one cause of action and at the trial rely upon proof establishing a different cause. The allegations and proof must agree.

2. **Judgment**: DEFAULT: VACATION. Statements to the defendant in an action by a third person, not a party to the suit, of which the plaintiff knows nothing, to the effect that said action has been settled, because of which statements the defendant fails to appear or to plead and a default judgment is entered against him, do not constitute a ground for setting aside said judgment after the term under the provisions of section 8207, Rev. St. 1913, nor any recognized source of equity jurisdiction.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Reversed and dismissed.*

*A. H. Murdock,* for appellants.

*James E. Bednar* and *Joseph T. Votava, contra.*

Heard before LETTON, DAY and DEAN, JJ., CLEMENTS and MORNING, District Judges.

CLEMENTS (E. J.), District Judge.

On November 25, 1919, Emma Kulhanek, defendant in the present suit, obtained a judgment for $2,500 by default in the district court for Douglas county, Nebraska, against the plaintiffs herein for the alleged alienation of the affections of her husband, Joseph Kulhanek. The plaintiffs are the father and stepmother of said Joseph Kulhanek. An execution issued on said judgment was levied on plaintiffs' property and on February 24, 1920, said property was sold by the sheriff to satisfy said judgment. On May 24, 1920, this action was brought to vacate and

set aside said judgment and sale and to permit the plaintiffs to answer and make their defense to the action in which said judgment was obtained. The trial court found for plaintiffs and entered a decree setting aside said judgment and sale and granting them a new trial in said case. From said finding and judgment, defendants herein appeal.

In plaintiffs' petition it is alleged that, after the commencement of said alienation action, said Emma Kulhanek agreed with plaintiffs to drop said suit; that, relying on said agreement, plaintiffs paid no further attention thereto; that, in violation of her said agreement, said Emma Kulhanek fraudulently caused said judgment to be entered without any notice to or knowledge of the plaintiffs, and that plaintiffs did not know of the entry of said judgment until after said sale was made. The foregoing is the substance of all the allegations of the petition stating the ground or reason for setting aside said judgment. This is clearly a pleading of "fraud practised by the successful party in obtaining the judgment or order," which is one of the grounds for vacating a judgment under the provision of subdivision 4, sec. 8207, Rev. St. 1913. Counsel in their brief also assert that the petition alleges unavoidable casualty or misfortune within the meaning of subdivision 7 of said section, but we find no allegations in the petition which sustain said contention, and, if there were such, the record contains no evidence to support such allegations. Plaintiffs' petition therefore sets up but a single cause of action or ground for setting aside said judgment and sale, and that is the alleged fraud of Emma Kulhanek in procuring the judgment to be entered in violation of her agreement to drop the case. The making of this alleged agreement was denied by the answer and the issue thus joined was decided by the trial court in favor of the defendants.

There is not a scintilla of competent evidence in the record to support plaintiffs' allegation of fraud on the part of the defendant and the trial court rightfully found

that said Emma Kulhanek "acted in entire good faith in having judgment entered against the plaintiffs, *. *   * and in causing an execution to be issued and levied by the sheriff on the property of the plaintiffs herein, and was entirely without fraud in any of her proceedings in said action." This finding for the defendants on the only ground. or reason for setting aside said judgment alleged in the petition would seem to compel a judgment in their favor. But the trial court proceeded to make another finding, as follows: "The court further finds that the plaintiffs herein relied upon the representation made by their son, Joseph Kulhanek,· to the effect that he had settled the cause of action so filed against them by the defendant, Emma Kulhanek, and that by reason of their relying upon the representations so made by their son, Joseph Kulhanek, they suffered a judgment to be entered against·them." And it is upon this finding that the judgment for plaintiffs herein is based. The court also found that "Emma Kulhanek knew nothing of the representations made by Joseph Kulhanek to the plaintiffs herein." There is evidence in the record, admitted over the objections of defendants, which supports the above finding in favor of plaintiffs, but there are no allegations in the petition which justify the admission of such evidence or upon which such a finding can be based.

It is an elementary rule of law that the allegations and proof must agree. "There can be no recovery if there be a material variance between the allegations and the proof." *Elliott v. Carter White-Lead Co.*, 53 Neb. 458. "A party is not allowed to allege in his petition one cause of action and prove another upon the trial." *Imhoff v. House*, 36 Neb. 28. "A party will not be permitted to plead one cause of action and upon the trial rely upon proof establishing a different cause." *Luce v. Foster*, 42 Neb. 818. The action of the trial court in making a finding of facts not pleaded and basing its judgment thereon was a violation of the foregoing rule and clearly erroneous.

If the evidence on which such finding is based had been introduced without objection, we might permit the plaintiffs to amend their petition to conform to the proof, but as it was all admitted over the defendants' objections this cannot rightfully be done.

But even if the facts so found had been pleaded in the petition the pleadings and evidence would not have been sufficient to support the judgment of the trial court. The facts so found are to the effect that plaintiffs suffered the judgment sought to be set aside to be entered against them because they relied upon the statements of their son, Joseph Kulhanek, that he had settled the action in which such judgment was obtained and that it would be dropped. Joseph Kulhanek was not a party to said action. Although he was the husband of Emma Kulhanek they had been separated for some time and he was living with the plaintiffs when said statements were made. His wife had begun an action against him for divorce which was then pending. There is no evidence tending to show that he was authorized to act for her as her agent or otherwise, nor that he assumed to do so. On the contrary, his statement to his parents that he had settled said suit indicates that he had assumed to act for and on behalf of the plaintiffs. In making said statements Joseph Kulhanek was not in any sense the agent of Emma Kulhanek and the court specifically found that she knew nothing of them.

Is the fact that a defendant fails to make a defense to an action and a default judgment is taken against him without his knowledge because of his reliance on the statements of his agent, relative or friend, not a party to the suit, that same has been settled a sufficient ground for setting aside said judgment after the adjournment of the term at which it was entered, where plaintiff knew nothing of said statements? It is obvious that such a state of facts does not constitute "fraud practised by the successful party" or "unavoidable casualty or misfortune," and is not therefore within any of the provisions

of section 8207, Rev. St. 1913, relied upon by plaintiffs. But this is not decisive of the question because such statutory provisions are not exclusive. The right to an independent equitable action to vacate a judgment also exists. *Meyers v. Smith*, 59 Neb. 30. Such statutory provisions are concurrent with independent equity jurisdiction. *Abbott v. Johnston*, 93 Neb. 726. Such an action for a cause other than those mentioned in said section 8207 must be founded on some recognized source of equity jurisdiction. *Douglas County v. Connell*, 15 Neb. 617. Do the facts disclosed by the evidence and found by the court constitute a recognized source of equity jurisdiction?

In some of the cases cited in plaintiffs' brief the order setting aside a judgment by default was made in the original action and before the adjournment of the term at which the judgment was rendered. Among these are *Milwaukee Harvester Co. v. Schroeder*, 72 Minn. 393; *Board of Education v. National Bank of Commerce*, 4 Kan. App. 438, and *Reilley v. Kinkead*, 181 Ia. 615. Cases of this character are not authority on the question involved herein.

In many of the cases cited the defendant's failure to defend the action was occasioned by the acts, statements or representations of the plaintiff in said action or his attorney, which the courts have quite generally held constitute constructive if not actual fraud. Such were the facts and the holding of this court in *Klabunde v. Byron Reed Co.*, 69 Neb. 126, and *Arnout v. Chadwick*, 74 Neb. 620, which are cited and relied on by plaintiffs herein. Since there is no evidence in the instant case that Emma Kulhanek was guilty of either active or constructive fraud, such cases have no bearing upon the question under consideration.

The only authorities cited by counsel which appear to sustain the judgment of the trial court are Minnesota cases, among which are *Flannery v. Kusha*, 147 Minn. 156, and *Glaeser v. City of St. Paul*, 67 Minn.

368, but an examination of said cases shows that they were brought and decided under a statute of Minnesota which provides: "The court * * * at any time within one year after notice thereof, in its discretion, may relieve a party from any judgment * * * taken against him through his mistake, inadvertence, surprise or excusable neglect." (Gen. St. 1913, sec. 7786.) Under this statute the court is expressly authorized, in its discretion, to set aside a judgment because of the plaintiff's own mistake, inadvertence or neglect. There is no such statute in Nebraska, and this court, in *State v. State Journal Co.*, 77 Neb. 771, held that the discretion of the court to set aside a judgment ends with the term at which it was rendered. The Minnesota cases cited cannot therefore be considered as authority in Nebraska.

From a careful examination and consideration of the authorities cited in the briefs and many others we have reached the conclusion that the facts disclosed by the evidence and found by the court do not constitute any statutory ground for setting aside the judgment in question or any recognized source of equity jurisdiction, and that the court erred in holding otherwise and in entering judgment for plaintiffs herein.

The judgment and decree of the trial court is therefore reversed and the case dismissed at plaintiffs' costs.

REVERSED AND DISMISSED.